**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: scott@bursor.com
          ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA BAYOL, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>  v.<br><br>ZIPCAR, INC.,<br><br>                      Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Gabriela Bayol, individually and on behalf of all others similarly situated, alleges the following based on information and belief:

**NATURE OF ACTION**

1. This is a class action challenging Defendant Zipcar, Inc.'s imposition of late fees on its car-rental customers in violation of Civil Code § 1671(d) and other provisions of California law.

2. Plaintiff seeks relief in this action individually and on behalf of all similarly situated California residents.

3. Zipcar is in the business of renting automobiles. Zipcar customers must pay monthly fees to use the service and must also pay per hour or per day fees each time they use one of Zipcar's vehicles.

4. The terms of Zipcar's California service agreement (the "Membership Agreement") provide for the imposition by Zipcar of late return charges.

   a. Zipcar's provision of car-rental services in California is and at all times relevant hereto has been subject to Zipcar's Membership Agreement. The Membership Agreement remains in effect as of the date of this Complaint. The Membership Agreement provides that Zipcar will impose a late return charge of $50 "per late hour or any part thereof" whenever a Zipcar customer returns a Zipcar vehicle after the expiration of a reservation.

   b. The late return charges provided for in the Membership Agreement, and imposed by the Membership Agreement, are hereinafter referred to as the "Late Fees."

5. As is set forth more particularly below, Bayol and the members of the proposed plaintiff class are individuals who are or were Zipcar customers who used Zipcar's services in the State of California, and who paid Late Fees.

6. The Late Fees have generated substantial revenues and profits for Zipcar and its parents and affiliates. By this complaint, Bayol seeks, *inter alia*, to permanently enjoin the enforcement and threat of collection of the Late Fees and to recover as damages and/or restitution all Late Fees heretofore paid by members of the plaintiff class.

7. The Late Fees constitute unlawful penalties that are void and unenforceable under California Civil Code § 1671 ("§ 1671"); unlawful and unfair under California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.* (the "UCL"); and unconscionable under California Civil Code § 1750 *et seq.*, the Consumers Legal Remedies Act (the "CLRA").

8. Bayol therefore seeks, as alleged with greater particularity below, to (a) permanently enjoin Zipcar from collecting the Late Fees; (b) impose constructive trusts on all amounts by which Zipcar was unjustly enriched as a result of collecting the Late Fees; (c) recover as damages and/or restitution all Late Fees heretofore paid by members of the plaintiff class; and (d) obtain all such other relief to which they may be entitled pursuant to Civil Code § 1671, the UCL or any other applicable provision of California law, including, without limitation, disgorgement, actual damages and restitution.

**PARTIES**

9. At all times relevant hereto, Bayol was a resident of Daly City, in San Mateo County, California. Bayol is a Zipcar member, and at all times relevant hereto has been a Zipcar member, subject to the Membership Agreement, and has incurred and paid Late Fees imposed by Zipcar pursuant thereto.

10. As a result thereof, Bayol suffered an injury in fact resulting in the loss of money and/or property.

11. Defendant Zipcar is a Delaware corporation. At all times relevant hereto, Zipcar was in the business of providing, *inter-alia*, car rental services subject to the Membership Agreement to individuals in California. Under the Membership Agreement, Zipcar imposed, pursued, and collected Late Fees provided for in the Membership Agreement in California.

**JURISDICTION AND VENUE**

12. This Court has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed Class; (b) some

1  members of the proposed Class have a different citizenship from Zipcar; and (c) the claims of the
2  proposed Class members exceed the sum or value of five million dollars ($5,000,000) in
3  aggregate. See 28 U.S.C. § 1332(d)(2) and (6).

13. This Court has personal jurisdiction over Zipcar because Zipcar is registered with the California Secretary of State to conduct business within California and conducts substantial business within California, such that Zipcar has significant, continuous and pervasive contacts with the State of California.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Zipcar transacts significant business within this District. Venue is also proper under 28 U.S.C. § 1391(c) because Zipcar is subject to personal jurisdiction in this District.

15. Zipcar's contract with its customers, the Membership Agreement, which includes the Late Fees provisions, includes a choice of law provision, stating that the law of the Commonwealth of Massachusetts shall govern disputes involving Zipcar, and a forum selection clause, providing that the state and federal courts of the Commonwealth of Massachusetts shall be the jurisdictions for the resolution of any such dispute. However, enforcement of Zipcar's choice of law and forum selection clauses is unreasonable under the circumstances of this case.

16. First, enforcement of the forum selection clause would effectively deprive Bayol and the proposed Class of their day in court where, as here, Bayol, who resides in Daly City, California, would have to incur too much travel and expense to litigate in Massachusetts to recover her relatively small monetary claims. The distance between Daly City, California and Boston, Massachusetts is over twenty six hundred miles each way (in the air), and a direct round-trip flight lasts over twelve hours in the air, excluding time spent preparing for the trip, travelling to and from the airports and waiting for flights. According to www.priceline.com, one direct round-trip economy class ticket from San Francisco International Airport to General Logan International Airport (Boston) costs $436.00 plus tax. Also, based on online inquiries into the pricing of Boston area hotels, an average night at the Comfort Inn and Suites Logan Airport costs $249 per night and an average night at the Hilton Boston Logan Airport costs $259 per night. In

comparison, Zipcar's Late Fees range between $50 and $150.  Thus, Zipcar's forum selection clause, which would require Bayol to travel over five thousand miles and spend multiples the amounts of her small claims just to make her case, is not reasonable.  Adding to the unreasonableness is the extra time and money that Bayol would have to devote to the litigation, including but not limited to additional time off from work and any resulting lost wages.  Thus, trial of this matter in Massachusetts would be so gravely difficult and inconvenient that it would effectively deprive Plaintiff of her day in court, thereby making enforcement of Zipcar's forum selection clause unfair, unjust and unreasonable.

17. Second, the application of Massachusetts law would be contrary to a fundamental policy of the State of California.  The State of California has determined that all liquidated damages provisions such as at issue here are presumptively invalid.  *See* Civil Code § 1671(d).  Application of Massachusetts law to Bayol and members of the proposed class would severely undermine the fundamental California policy against liquidated damages provisions because Massachusetts law would deny Bayol and members of the proposed class a similar presumption.

18. Third, California has a significantly greater interest than Massachusetts in resolution of claims based on Zipcar's Late Fees.  The Membership Agreement was signed by Bayol and members of the class in California.  California was also the state where Bayol and all of the thousands of members of the proposed class reside.  Further, Zipcar services are available in far more cities in the State of California than any other state, including Massachusetts.[1]  Indeed, Zipcar services are altogether unavailable in a number of states.

**FACTUAL ALLEGATIONS**

19. Zipcar operates a car rental service in the State of California.  Zipcar provides its customers with self-service vehicles located in both suburban and urban locales that may be

---

[1] In California, Zipcar services are available in Arcata, Atherton, Camarillo, Chico, Claremont, Davis, Hayward, Irvine, La Verne, Long Beach, Los Angeles, Northridge, Orange, Pasadena, Point Loma, Riverside, Sacramento, San Diego, San Francisco Bay Area, San Luis Obispo, Santa Barbara, Santa Clara, Santa Cruz, Stanford, and Stockton.  *See* http://www.zipcar.com/cities (last accessed May 8, 2014).

reserved by the hour or by the day.  Gas, insurance, and other costs associated with car ownership are included in the reservation costs.

20. To use Zipcar's car rental services, Zipcar requires that potential customers first become Zipcar "members," by creating an account with Zipcar and signing a Membership Agreement.  The Membership Agreement was drafted entirely by Zipcar and/or its affiliates, is not subject to modification or negotiation and is presented to prospective members on a "take it or leave it" basis.  The Membership Agreement is a contract of adhesion under California law.

21. Bayol is, and at all times relevant hereto has been, a Zipcar member subject to the Membership Agreement.

22. The Membership Agreement has at all times relevant hereto included a "Fee Policy" provision which provides for the imposition of Late Fees.  The Fee Policy provides:

> **Returning a vehicle late (in addition to the per hour fee for use of the vehicle):**
>
> $50 ($35 CAD) per late hour or any part thereof, up to a maximum of $150 ($105 CAD) per late return.

23. Zipcar has in fact imposed such Late Fees on, and collected them from, Bayol and other members of the proposed class.

24. Zipcar has collected significant revenues from imposing Late Fees on Bayol and the members of the proposed class.

25. If and to the extent that Zipcar suffers, would suffer or has suffered any damage upon late payment, it is neither impracticable nor extremely difficult to fix the actual damage.  Furthermore, if and to the extent that Zipcar suffers, would suffer, or has suffered any damage upon late payment, the Late Fees are not a reasonable measure or approximation of such damages and do not provide fair average compensation therefor.  Moreover, they are – and under the circumstances existing at the time the Membership Agreement was made, were – unreasonable.  On information and belief, Zipcar did not conduct a reasonable endeavor to fix fair average compensation for losses, if any, that it incurs, would incur or has incurred by virtue of late payments.  The Late Fees were not negotiated or discussed with Bayol or the members of the proposed class.

26. The Late Fees imposed by Zipcar are unconscionable, void and unenforceable under Civil Code §§ 1670.5, 1671(b) and/or 1671(d), constitute an unlawful, unfair and deceptive practice under the UCL, and violate the CLRA, including without limitation Civil Code §§ 1770(a)(14) and 1770(a)(19).

## CLASS ACTION ALLEGATIONS

27. Bayol brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to the provisions of Code of Civil Procedure § 382 and Civil Code § 1781.

Bayol seeks certification of the following class (the "Class"):

All California residents who subscribed to and/or are subscribing to Zipcar's car rental services pursuant to the Membership Agreement, or any successor agreement thereto, and who paid one or more Late Fees imposed by Defendant pursuant to the Membership Agreement. Any judicial officer to whom the Action is assigned is excluded from the Class.

28. <u>Numerosity of the Class</u>: The Class is composed of at least thousands of individuals who are or were subscribers to Zipcar's Membership Agreement, the joinder of which in one action would be impracticable. The disposition of their claims through this class action will benefit both the parties and the Court. The identities of individual members of the Class is ascertainable through Zipcar's billing records.

29. <u>Existence and Predominance of Common Questions of Fact and Law</u>: There is a well-defined community of interest in the questions of law and fact involved affecting the members of the proposed Class. The questions of law and fact common to the proposed Class predominate over questions affecting only individual class members.

30. Such questions include, but are not limited to, the following:

    a. Whether the Zipcar's Late Fees are illegal, void and unenforceable contractual penalties pursuant to Civil Code § 1671(d);

    b. Whether damages are extremely difficult or impracticable to determine;

    c. Whether Zipcar conducted a reasonable endeavor, prior to imposing the Late Fees or including them in the Member Agreement, to fix fair average compensation for

losses, if any, that it suffers when residential customers pay late, and if so, whether the Late Fees reflect the results of such a reasonable endeavor.

    d. Whether Zipcar's Late Fees are unconscionable;

    e. Whether Zipcar's Late Fees violate the UCL;

    f. Whether Zipcar's Late Fees violate the CLRA;

    g. Whether Bayol and the proposed Class members are entitled to restitution of Late Fees paid to Zipcar;

    h. Whether Bayol and the proposed Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of this suit; and

    i. Whether Zipcar should be enjoined from collecting Late Fees and/or from enforcing the Late Fee provision in their existing contracts.

  31. <u>Typicality</u>: Bayol is asserting claims that are typical of the proposed Class members' claims, having paid Late Fees to Zipcar pursuant to the Member Agreement. Bayol and the proposed Class members have similarly suffered harm arising from Zipcar's violations of the law, as alleged herein.

  32. <u>Adequacy</u>: Bayol is an adequate representative of the proposed Class. Her interests do not conflict with, and are not antagonistic to, the interests of the members of that Class. She will fairly and adequately represent and protect the interests of the Class.

  33. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of Bayol's and the proposed Class members' claims. Bayol and the members of the proposed Class have suffered irreparable harm as a result of Zipcar's unfair, unlawful, and unconscionable conduct. Because of the size of the individual Class members' claims, few, if any, proposed Class members could afford to seek legal redress for the wrongs complained of herein. Absent the class action, the proposed Class members will continue to suffer losses and the violations of law described herein will continue without remedy, and Zipcar will be permitted to retain the proceeds of their misdeeds. Zipcar continues to engage in the unlawful, unfair, and unconscionable conduct that is the subject of this Complaint.

## FIRST CAUSE OF ACTION
### Violation of California Civil Code § 1671(d)

34. Bayol incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

35. Bayol brings this claim individually and on behalf of the members of the Class against Zipcar.

36. The Late Fees are impermissible liquidated damages provisions under California law.  The Late Fees themselves, the contractual provisions that provide for them and their imposition and collection by Zipcar violate Civil Code § 1671(d) and are unlawful, void and unenforceable under that statute.

37. Civil Code § 1671(d) states that a contractual provision, in a contract for the retail purchase or rental of personal property or services primarily for the party's personal, family, or household purposes, liquidating damages for the breach of the contract, is void except that the parties to such a contract may agree therein on an amount that shall be presumed to be the amount of the damage sustained by a breach thereof, when, from the nature of the cause, it would be impracticable or extremely difficult to fix that actual damage.  The Membership Agreement is a contract for the purchase of services primarily for personal, family or household use of Bayol and the members of the Class.

38. If and to the extent that Zipcar suffers, would suffer or has suffered any damages due to late returns by Bayol or members of the Class, it would not be impracticable, nor would it be extremely difficult, to determine them with certainty.  Furthermore, the liquidated damages in the Membership Agreement do not reflect a reasonable endeavor by Zipcar to fix fair average compensation for any harm that Zipcar would suffer, may suffer or have suffered, if any, from the late returns.  The Membership Agreement is a contract of adhesion drafted by Zipcar and/or its parents, subsidiaries or affiliates and presented to prospective members on a "take it or leave it" basis with no opportunity for any prospective member to negotiate any of its terms and conditions.  The Late Fees provision in the Membership Agreement is a liquidated damages provision that fails to comply with the standards set forth in Civil Code § 1671(d), and therefore

constitutes impermissible contractual penalties.  Zipcar's imposition of Late Fees on Bayol and the members of the Class violates, and at all times relevant here to has violated, § 1671(d). Zipcar's collection of Late Fees from Bayol and the members of the Class likewise violates, and at all times relevant hereto has violated, Civil Code § 1671(d).

39.     Plaintiff Bayol and the members of the Class have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of Zipcar alleged herein.  Pursuant to Civil Code § 1671(d), Plaintiff Bayol, individually and on behalf of the members of the Class, seeks an order of this Court preliminarily and permanently enjoining Zipcar from further enforcement and collection of Late Fees as alleged herein.  Plaintiff Bayol also seeks an order:

   a.    Requiring Zipcar to cease their unlawful acts and practices;

   b.    Directing Zipcar to make full restitution of all monies wrongfully obtained;

   c.    Forcing Zipcar to disgorge all ill-gotten revenues and/or profits; and

   d.    Providing such other and further relief as may be just and proper.

WHEREFORE, Plaintiff Bayol prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
**Violation of the Consumers Legal Remedies Act,**
**California Civil Code §§ 1750 *et seq*.**
**(Injunctive relief only)**

40.     Bayol incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

41.     Bayol brings this claim individually and on behalf of the members of the Class against Zipcar.

42.     Zipcar has engaged in deceptive practices, unlawful methods of competition and/or unfair acts as defined by Civil Code § 1750, *et seq*., to the detriment of Bayol and the members of the Class.  Bayol and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Zipcar alleged herein.

43. Zipcar intentionally, knowingly, and unlawfully perpetrated harm upon Plaintiff Bayol and the Class members by inserting unconscionable, unenforceable and illegal provisions in their Agreements with Plaintiff Bayol and the Class members in violation of Civil Code § 1770(a)(19), and by enforcing those provisions. By inserting an unconscionable, unenforceable and void Late Fees provision in the Membership Agreement, and then enforcing that provision by imposing and collecting Late Fees, Zipcar also violated Civil Code § 1770(a)(14), which prohibits them from representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

44. Zipcar's policy and practice with respect to their inclusion of Late Fees in their Membership Agreement and their collection of Late Fees is unlawful, unethical, oppressive, fraudulent and malicious. The gravity of the harm to all consumers from Zipcar's policies and practices far outweighs any purported utility those policies and practices have.

45. Plaintiff Bayol and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Zipcar alleged herein and will continue to suffer such harm if Zipcar's illegal practices are not abated.

46. Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Zipcar's violations of the CLRA. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a). If Zipcar fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend her complaint to include a request for damages as permitted by Civil Code § 1782(d).

WHEREFORE, Plaintiff Bayol prays for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION
### Unlawful Business Practices in Violation of the Unfair Competition Law
### California Business and Professions Code §§ 17200 *et seq*.

47. Bayol incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

48. Bayol brings this claim individually and on behalf of the members of the Class against Zipcar.

49.     Zipcar's continuing imposition, enforcement and collection of unlawful, unconscionable and unenforceable Late Fees constitutes an unlawful business practice in violation of Bus. & Prof. Code §§ 17200 *et seq.* Bayol and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Zipcar alleged herein.

50.     Civil Code § 1671(d) states that a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein on an amount that shall be presumed to be the amount of the damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

51.     The Late Fees charged by Zipcar to, and collected by Zipcar from, Plaintiff Bayol and the members of the Class are unlawful liquidated damages provisions under Civil Code § 1671(d) for the reasons set forth above. As a result of their inclusion of the Late Fees provisions in the Membership Agreement, and their imposition and collection of the Late Fees, Zipcar has violated Civil Code § 1671(d).

52.     The inclusion of the Late Fees provision in the membership Agreement, and Zipcar's imposition of the Late Fees on, and collection of the Late Fees from, Plaintiff Bayol and the members of the Class also violate Civil Code § 1670.5 because the Late Fees are unconscionable. Prospective members have no meaningful choice with respect to the inclusion of the Late Fees in the membership Agreement nor in the amount of the Late Fees. The Membership Agreement is drafted by Zipcar and presented to prospective members on a "take it or leave it" basis with no opportunity or possibility of negotiating any different terms and conditions with Zipcar. Moreover, the amounts of the Late Fees are hidden in separate documents that are difficult for subscribers to find, rather than being included in the main body of the Terms and Conditions. The Late Fees provision in the Membership Agreement is therefore procedurally unconscionable.

53. The Late Fees are unreasonably favorable to Zipcar and unduly harsh with respect to Zipcar's customers, and therefore, are substantively unconscionable. For example, the Late Fees have no relationship whatsoever to any damages incurred by Zipcar, if any, as a result of late returns by members.

54. The Late Fees charged to Plaintiff Bayol and the members of the Class also violate the Consumers Legal Remedies Act, Civil Code § 1750 *et seq.*, as they are unconscionable, unenforceable and illegal provisions in violation of Civil Code §§ 1770(a)(14) and 1770(a)(19).

55. Plaintiff Bayol and the members of the Class have suffered an injury in fact resulting in the loss of money or property as a result of having paid the Late Fees.

56. Pursuant to Bus. & Prof. Code § 17203, Bayol seeks an order of this Court permanently enjoining Zipcar from continuing to engage in their unfair and unlawful conduct as alleged herein. Bayol also seeks, *inter alia*, an order requiring Zipcar to:

  a. Immediately cease their unlawful acts and practices;

  b. Make full restitution of all monies wrongfully obtained; and

  c. Disgorge all ill-gotten revenues and/or profits.

WHEREFORE, Plaintiff Bayol prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### Unfair Business Practices in Violation of Business and Professions Code §§ 17200 *et seq.*

57. Bayol incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

58. Bayol brings this claim individually and on behalf of the members of the Class against Zipcar.

59. The conduct of Zipcar, as herein alleged, constitutes an unfair business practice within the meaning of Bus. & Prof. Code §§ 17200, *et seq*.

60. Zipcar violated the "unfair" prong of the UCL by requiring members to enter into contracts of adhesion that include the Late Fees provision, by enforcing the contractual

provisions that provide for the imposition of the Late Fees and by imposing and collecting the Late Fees.

61.     Zipcar's said practices with respect to Late Fees violate the "unfair" prong of the UCL because the Late Fees: (1) constitute unfair and wrongful penalties inconsistent with the language and policy of Civil Code § 1671; and (2) constitute unconscionable provisions, in violation of various laws and policies recognized by the California Legislature and the California courts, including without limitation Civil Code § 1670.5 and the CLRA.

62.     Zipcar's said practices with respect to the Late Fees also violate the "unfair" prong of the UCL because the utility of the Late Fees is significantly outweighed by the gravity of the harm that they impose on consumers. The Late Fees have limited or no utility as compared with alternatives that would more fairly measure the harm (if any) incurred by Zipcar when a member makes a late return. The gravity of the harm that the Late Fees impose on consumers is substantial in that they exceed the actual amount of harm (if any) incurred by Zipcar when a member makes a late payment. Through their imposition and collection of the Late Fees from the members of the Class, Zipcar has been massively and unjustly enriched. Zipcar's Late Fees also violate the "unfair" prong of the UCL because their inclusion in the Agreements, imposition and collection are and at all times relevant hereto have been oppressive, unscrupulous or substantially injurious to consumers.

63.     Zipcar's said practices with respect to the Late Fees also violate the "unfair" prong of the UCL because the Late Fees, the provision of the Membership Agreement imposing the Late Fees, and Zipcar's enforcement of them through the imposition and collection thereof cause substantial harm that is not outweighed by countervailing benefits to consumers or competition, and consumers could not reasonably have avoided the harm.

64.     Zipcar's practices with respect to the Late Fees also violate the "unfair" prong of the UCL for the reasons set forth in the Third Cause of Action, above.

65.     Bayol and the members of the Class have suffered an injury in fact resulting in the loss of money or property as a result, *inter alia*, of having paid the Late Fees.

66. Pursuant to Bus. & Prof. Code § 17203, Bayol seeks an order of this Court permanently enjoining Zipcar from continuing to engage in their unfair and unlawful conduct as alleged herein.  Bayol also seeks an order, *inter alia*, requiring Zipcar to:

    a. Immediately cease their unlawful acts and practices;

    b. Make full restitution of all monies wrongfully obtained; and

    c. Disgorge all ill-gotten revenues and /or profits.

WHEREFORE, Bayol prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Bayol, individually and on behalf of the members of the Class, prays:

A. For an order certifying the Class and appointing Bayol and the undersigned counsel of record to represent the Class;

B. For a permanent injunction enjoining Zipcar, their partners, joint ventures, subsidiaries, agents, servants, and employees, and all persons acting under, in concert with them directly or indirectly, or in any manner, from in any way engaging in the unfair and unlawful practices and violations of law set forth herein;

C. For full restitution of all funds acquired from Zipcar's unfair business practices and other violations of law, including disgorgement of profits;

D. For imposition of a constructive trust upon all monies and assets Zipcar has acquired as a result of their unfair practices;

E. For damages according to proof;

F. For a judicial declaration regarding the validity of Zipcar's liquidated damages provisions in the Membership Agreement;

G. For costs of suit herein;

H. For both pre- and post-judgment interest on any amounts awarded;

I. For payment of reasonable attorneys' fees; and

J. For such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated:  May 29, 2014                                  Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  /s/ L. Timothy Fisher

Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: scott@bursor.com
             ltfisher@bursor.com
             apersinger@bursor.com
             ykrivoshey@bursor.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Gabriela Bayol, declare as follows:

1. I am a plaintiff in this action. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) because I currently reside in the Northern District of California and a substantial portion of the events alleged in the Complaint occurred there.

3. While living in the Northern District of California, I entered into an agreement for car-rental services with Defendant Zipcar, Inc. I currently reside at the same residence in the Northern District of California and my Complaint alleges that I was charged and paid unlawful Late Fees while a resident there.

4. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on May  29 , 2014.

                                               /s/ Gabriela Bayol
                                                 Gabriela Bayol