1  LATHAM & WATKINS LLP
     Patrick E. Gibbs (Bar No. 183174)
2    Reuben J. Stob (Bar No. 281303)
   140 Scott Drive
3  Menlo Park, California 94025
   Telephone: +1.650.328.4600
4  Facsimile: +1.650.463.2600

5  Attorneys for Defendant Zipcar, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GABRIELA BAYOL, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>     v.<br><br>ZIPCAR, INC.,<br><br>                Defendant. | Case No. 3:14-cv-02483-TEH<br><br>**DEFENDANT ZIPCAR, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. § 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   September 15, 2014<br>Time:   10:00 a.m.<br>Place:  Courtroom 2, 17th Floor<br>Judge:  The Honorable Thelton E. Henderson |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case No.  3:14-cv-02483-TEH
ZIPCAR'S MOTION TO TRANSFER TO THE
DISTRICT OF MASSACHUSETTS

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, on September 15, 2014, at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Thelton E. Henderson of the United District Court for the Northern District of California, San Francisco Courthouse, in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, defendant Zipcar, Inc. ("Zipcar") will and hereby does move to transfer this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a), based on a contractual forum-selection clause requiring disputes between the parties to be resolved solely in the applicable state or federal courts of Massachusetts.  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Patrick E. Gibbs ("Gibbs Decl."), all other papers submitted in support of the Motion, the records on file in this case, the arguments of counsel, and any other matter that the Court may properly consider, or that may be presented to the Court at the hearing.

Dated:  July 11, 2014                              Respectfully submitted,

                                                   LATHAM & WATKINS LLP


                                                   By:    */s/ Patrick E. Gibbs*
                                                               Patrick E. Gibbs

                                                   Attorneys for Defendant Zipcar, Inc.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

Case No.  3:14-cv-02483-TEH
ZIPCAR'S MOTION TO TRANSFER TO THE
DISTRICT OF MASSACHUSETTS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff in this putative class action, Gabriela Bayol, claims that certain late fees she agreed to pay under her Zipcar Membership Agreement were an unlawful contractual penalty. But when she signed the Membership Agreement, Bayol agreed that any dispute under the Agreement "shall be resolved solely in the applicable state or federal courts of Massachusetts." Under controlling federal law, a forum-selection clause like this is presumptively valid, and a plaintiff seeking an alternative venue bears a "heavy burden" to invalidate it. Moreover, as the Supreme Court recently confirmed, a valid forum-selection clause requires a transfer to the agreed-upon forum unless the party seeking to avoid that forum can show "extraordinary circumstances unrelated to the convenience of the parties" that "clearly disfavor a transfer." *Atantic. Marine Construction Co. v. United States Dist. Court*, 134 S. Ct. 568, 575 (2013). The "practical result" is that a valid forum-selection clause will control, and must be enforced through a transfer under 28 U.S.C. § 1404(a), "in all but the most exceptional cases." *Id.* at 581, 583.

Plaintiff here cannot meet her "heavy burden" to invalidate the forum-selection clause in her Zipcar Membership Agreement, nor can she show the kind of "extraordinary circumstances" necessary to avoid transfer in the face of a valid forum-selection clause. Accordingly, under 28 U.S.C. § 1404(a), this case should be transferred to the District of Massachusetts.

## II. STATEMENT OF THE ISSUE TO BE DECIDED

Whether this case should be transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a), in accordance with a forum-selection clause requiring disputes between the parties to be resolved in the applicable state or federal courts of Massachusetts.

## III. FACTUAL BACKGROUND

### A. Zipcar's Business

Zipcar is a membership-based car sharing service that offers "wheels when you want them." Zipcar's members have self-service access to Zipcar vehicles located in reserved parking spaces at designated locations. Gibbs Decl., Ex. 1 (Zipcar Membership Agreement ("ZMA"),

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

Case No. 3:14-cv-02483-TEH
ZIPCAR'S MOTION TO TRANSFER TO THE
DISTRICT OF MASSACHUSETTS

1  Rules of Vehicle Use ("Rules") ¶ 4.1).  To use a Zipcar vehicle, a member must reserve a
2  particular vehicle, in advance, for pickup and return at particular times and places.  *Id.* ¶¶ 3.1,
3  4.1.  Subject to a one-hour minimum, a reservation can be for any period of time, measured in
4  half-our increments, up to a full day or several full days.  *Id.* ¶ 3.1.

5        Zipcar's self-service model relies upon members to pick up and return vehicles at the
6  times and places specified in their reservation.  When a member schedules a return for a
7  particular time, other members may reserve the same car for periods after the scheduled time.
8  Thus, if a member returns a car after the scheduled return time, other members may be
9  inconvenienced by having to pick up a different car or different vehicle type than the one they
10 reserved.[1]  Or they may have to pick up their vehicle at a different location than the one they
11 selected.  And in some cases, if there is no other Zipcar vehicle available within a reasonable
12 distance, the other members may not be able to use a vehicle at all.[2]  A late return, in other
13 words, undermines Zipcar's core message to its members: "wheels when you want them."

14       **B.**    **Zipcar's Membership Agreement**

15       To become a Zipcar member, a customer must submit an application and execute a
16 Membership Agreement with Zipcar.  Gibbs Decl., Ex. 1 (ZMA ¶¶ 3.1-3.3).  The Membership
17 Agreement sets forth basic terms of service and incorporates schedules with additional terms and
18 conditions.  *Id.* (ZMA ¶¶ 1.d-1.f).  Under the Membership Agreement, members agree to pay an
19 annual membership fee (for certain driving plans) and an hourly rate for each reserved vehicle.
20 *Id.* (ZMA ¶ 4.2 and Fee Policy).

21       Members also agree to return cars at the scheduled time and place, and to pay a late fee if
22 they do not.  *Id.* (Rules ¶¶ 4.1, 4.4 and Fee Policy ¶ 1.1).  The fee is $50.00 for cars returned less
23 than an hour late, $100.00 for cars returned between one and two hours late, and $150.00 for cars
24 returned more than two hours late.  *Id.* (Fee Policy ¶ 1.1); *see also* Compl. ¶¶ 16, 22.  These late

---

[1] Zipcar offers many types of vehicles and a member may reserve a specific type of vehicle based upon the intended use of the vehicle.  For example, a member may reserve a pickup truck in order to move furniture and, due to a late return, may only have available a passenger car unsuited for the specific intended use.

[2] Unlike traditional rental car companies, Zipcar vehicles are not located in depots or other large groupings, but are generally located in dispersed parking locations, often with only one or two vehicles at such location.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

Case No.  3:14-cv-02483-TEH
ZIPCAR'S MOTION TO TRANSFER TO THE
DISTRICT OF MASSACHUSETTS

fees are prominently disclosed and incorporated in the Membership Agreement, and are agreed to in advance by every Zipcar member, including Plaintiff. *Id.* (Rules ¶¶ 4.1, 4.4 and Fee Policy ¶ 1.1); *see also* Compl. ¶¶ 16, 18, 20-22.

The Membership Agreement also provides that any dispute under the Membership Agreement "shall be resolved solely in the applicable state or federal courts of Massachusetts", where Zipcar is based. *Id.* (ZMA ¶ 9.5).[3] The forum-selection clause is also prominently disclosed in the Membership Agreement and agreed to in advance by every Zipcar member, including Plaintiff. *Id.*; *see also* Compl. ¶ 15.

## IV. ARGUMENT

### A. A Valid Forum-Selection Clause Controls Absent Extraordinary Circumstances

Ordinarily a district court has broad discretion to either retain a civil action or transfer it "for the convenience of [the] parties and witnesses [and to promote] the interests of justice[.]" 28 U.S.C. § 1404(a); *see also Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) (balancing several factors under Section 1404(a)). "When the parties have agreed to a valid forum-selection clause," however, "[t]he calculus changes." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 575 (2013). In such a case, transfer should be granted "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.*

Faced with a valid forum-selection clause, then, a court should "adjust [its] usual § 1404(a) analysis in three ways." *Id.* at 581. First, the court should accord "plaintiff's choice of forum . . . no weight" and assign "[her] . . . the burden of showing why [it] should not transfer the case to the forum to which the parties agreed." *Id.* at 582. Second, the court should "not consider . . . the parties' private interests" but instead "must deem [such] factors to weigh

---

[3] Paragraph 9.5 of the Zipcar Membership Agreement reads in full:

> This Contract is governed by the laws in force in the Commonwealth of Massachusetts and shall be interpreted according to the internal laws of such Commonwealth, without reference to its conflicts of laws or choice of law rules. All disputes hereunder shall be resolved solely in the applicable state or federal courts of Massachusetts. The parties hereby consent to the sole jurisdiction of such courts, agree to accept service of process by mail, and waive any jurisdictional or venue defenses otherwise available.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

Case No. 3:14-cv-02483-TEH
ZIPCAR'S MOTION TO TRANSFER TO THE
DISTRICT OF MASSACHUSETTS

entirely in favor of the preselected forum." *Id.* And third, the court should recognize that "transfer . . . will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances [such as where "exceptionally arcane features" of transferor law would likely "defy comprehension" by a transferee judge] may affect public-interest considerations." *See id.* at 583.

"[T]he practical result" is that a valid forum-selection clause will control "in all but the most exceptional cases." *Id.* at 581, 583 (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)); *see also id.* at 583 ("In all but the most unusual cases . . . . , the 'interest of justice' is served by holding parties to their bargain.") "Although it is 'conceivable in a particular case' that the district court 'would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause,' such cases will not be common." *Id.* at 582 (quoting *Stewart* at 30-31) (internal citation omitted).

### B. The Parties Agreed To A Contractually Valid Forum-Selection Clause

Plaintiff freely admits that she entered into the Membership Agreement with Zipcar, and that her Membership Agreement includes a forum-selection clause designating Massachusetts as the exclusive venue for resolving disputes under the Membership Agreement. In her Complaint, Plaintiff concedes that: (i) Zipcar's customers are required sign the Zipcar Membership Agreement before using Zipcar's car-rental services, Compl. ¶ 20; (ii) she and the proposed class members signed the Zipcar Membership Agreement, *id.* ¶ 18; (iii) she was "at all times relevant . . . subject to the [Zipcar] Membership Agreement," *id.* ¶ 21; and (iv) the Zipcar Membership Agreement includes "a forum-selection clause" requiring disputes to be resolved in "the state and federal courts of . . . Massachusetts[.]" *Id.* ¶ 15.

There is no question but that this forum-selection clause is valid and enforceable. As this Court has recognized, forum-selection clauses "are presumptively valid under federal law[,] and parties seeking to avoid them bear a heavy burden when seeking an alternate venue." *Morgan Labs., Inc. v. Micro Data Base Sys.*, 1997 U.S. Dist. LEXIS 1193, at *2-3 (N.D. Cal. 1997)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

Case No. 3:14-cv-02483-TEH
ZIPCAR'S MOTION TO TRANSFER TO THE
DISTRICT OF MASSACHUSETTS

1  (Henderson, J.) (citing *M-S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).[4] A forum-
2  selection clause should be set aside only if: (1) its inclusion in the agreement was a product of
3  fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived
4  of her day in court; or (3) enforcement of the clause would contravene a strong public policy of
5  the forum in which suit is brought. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th
6  Cir. 2004). None of these exceptions applies here.

7  With respect to the first exception, Plaintiff alleges that "[t]he Membership Agreement is
8  a contract of adhesion under California law." (*Id.* at ¶ 20.) Under federal law, however, "neither
9  a power differential between parties nor the non-negotiability of the contract is a sufficient
10 reason to set aside [a] forum-selection clause." *Bennett v. Hosting.com. Inc.*, 2008 U.S. Dist.
11 LEXIS 93776, at *5-6 (N.D. Cal. Nov. 18, 2008) (citing *Murphy*, 362 F.3d at 1141); *see also*
12 *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 593 (U.S. 1991) (holding that a forum-selection
13 clause is not unenforceable "simply because it is not the subject of bargaining").[5] And Plaintiff
14 "must show that the forum[-]selection clause itself, as opposed to the entire contract in which the
15 clause is set forth, is the product of fraud or overreaching." *Gamayo v. Match.com, LLC*, 2011
16 U.S. Dist. LEXIS 95914, at *11 (N.D. Cal. Aug. 23, 2011). Plaintiff's Complaint alleges no
17 facts suggesting that the forum-selection clause (or any other portion of her Membership
18 Agreement) was the product of fraud or overreaching. As such, this exception does not apply.

19 With respect to the second exception, Plaintiff alleges that litigating this case in
20 Massachusetts "would be so gravely difficult and inconvenient that it would effectively deprive
21 [her] of her day in court." Compl. ¶ 16. In support, she alleges that she would have to: (i)
22 "incur too much travel and expense . . . to recover her relatively small monetary claims," *id.*; and

---

[4] "Federal law governs the validity of a forum[-]selection clause." *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1353 (9th Cir. 1990) (citing *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 515 (9th Cir. 1988)).

[5] Although federal law governs here, the result would be the same under California law. *See, e.g.*, *Hunt v. Superior Court*, 81 Cal. App. 4th 901 (Cal. App. 4th Dist. 2000) (holding that a "forum-selection clause . . . in an adhesion contract is enforceable even though the [party] did not actually read it as along as the clause provided adequate notice to the [party] that [s]he was agreeing to the jurisdiction cited") (citing among other cases *Carnival Cruise Lines, Inc. v. Superior Court*, 234 Cal. App. 3d 1019, 1026-27 (Cal App. 2d Dist. 1991) and *Carnival v. Shute*, 499 U.S. at 590-595).

1  (ii) devote "extra time and money . . . to the litigation" including taking "additional time off from
2  work[.]" *Id.*
3        Even before the Supreme Court's decision in *Atlantic Marine*, these allegations would
4  not have come close to meeting Plaintiff's "heavy burden" to invalidate the forum-selection
5  clause in her Membership Agreement. As courts have long recognized, meeting this burden
6  requires more than showing simply that litigation in Massachusetts would be inconvenient,
7  expensive, or even "economically irrational for any Californian to [pursue]." *See Gamayo*, 2011
8  U.S. Dist. LEXIS 95914, at *14 (finding that Plaintiff's argument to this effect—based on travel
9  expenses among other things—"misses the point"). At minimum, rather, Plaintiff must
10 "adduce[] evidence to satisfy her heavy burden of showing that compelling her to pursue her
11 claims [in Massachusetts] would effectively foreclose her ability to proceed" at all. *Id.* at *14-
12 15; *see also Holck v. Bank of N.Y. Mellon Corp.*, 769 F. Supp. 2d 1240, 1252 (D. Haw. 2011)
13 (enforcing forum-selection clause despite Plaintiff's "'dire financial situation,'" "inability to
14 travel," and need to "care[] for his three minor grandchildren"); *Argueta v. Banco Mexicano,
15 S.A.*, 87 F.3d 320, 327 (9th Cir. 1996) (enforcing forum-selection clause despite Plaintiff's "fear
16 of returning to Mexico" where there was no information "showing that [his] physical presence
17 [there wa]s required to pursue a civil action"). But in any event, because the Supreme Court's
18 *Atlantic Marine* decision expressly bars any consideration of "the convenience of the parties"
19 (134 S. Ct. at 575, 581), Plaintiff's allegations about increased cost and inconvenience are
20 irrelevant. *E. Bay Women's Health, Inc. v. gloStream, Inc.*, 2014 U.S. Dist. LEXIS 55846, at
21 *13-14 (N.D. Cal. Apr. 21, 2014) (holding that "arguments about the burdens of out-of-state
22 litigation [are] unavailing" under *Atlantic Marine*); *Monastiero v. appMobi, Inc.*, 2014 U.S. Dist.
23 LEXIS 67202, at *17-18 (N.D. Cal. May 15, 2014) (holding that "practical problems—related to
24 making trial of a case easy, expeditious and inexpensive—[constitute] private interest factors that
25 may not be considered under *Atlantic Marine*") (internal quotations omitted).
26       This is especially true given that Bayol seeks to bring this case as a class action. Again,
27 even before *Atlantic Marine*, the named plaintiff's choice of forum in a class action was afforded
28 little or no weight. *See Gamayo*, 2011 U.S. Dist. LEXIS 95914, at *15 ("Plaintiff's unsupported

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

Case No. 3:14-cv-02483-TEH
ZIPCAR'S MOTION TO TRANSFER TO THE
DISTRICT OF MASSACHUSETTS

assertion that it would be 'economically irrational' for her to pursue her claim on an individual basis ignores the fact that she commenced this action as a class action."); *see also, e.g.*, *Madanat v. First Data Corp.*, 2011 U.S. Dist. LEXIS 5907, at *10 (N.D. Cal. Jan. 21, 2011) ( The "fact that it might not make financial sense [for] an individual litigant [to incur certain expenses] does not show a hardship that would deprive h[er]of h[er] day in court in [a] class action case"); *Talyancich v. Microsoft Corp.*, 2012 U.S. Dist. LEXIS 63547, at *12-13 (C.D. Cal. Mar. 28, 2012) (finding "no basis" to set aside a forum-selection clause where "it appear[ed] unlikely th[e putative class-action] Plaintiff herself would even be required to travel [to the contractually-designated forum]). In short, Plaintiff cannot come close to sustaining her "heavy burden" of showing that the second exception applies.

Finally, with respect to the third exception—whether "enforcement would contravene a strong public policy of the forum in which suit is brought"—Plaintiff alleges that "application of Massachusetts law" would be contrary to California's "fundamental policy" of treating liquidated damages provisions in certain consumer contracts as "presumptively invalid." Compl. ¶ 17. But this argument does not come close to meeting Plaintiff's "heavy burden" to invalidate the forum-selection clause in her Membership Agreement. Where, as here, the designated forum includes a federal district court, the only public policy that would be relevant for this purpose is one relating specifically to venue, not one relating to the substantive merits of the underlying claim. *See Voicemail Club, Inc. v. Enhanced Servs. Billing*, 2012 U.S. Dist. LEXIS 146178, at *9-10 (N.D. Cal. Oct. 10, 2012) (finding that "in the context of [a] motion [to transfer] the Court only examines public policy as it relates to venue"); *E. Bay Women's Health, Inc. v. gloStream, Inc.*, 2014 U.S. Dist. LEXIS 55846, at *6-10 (N.D. Cal. Apr. 21, 2014) (finding substantive-law argument "unavailing because it require[d] speculation as to the potential outcome of the litigation on the merits in the transferee forum"); *cf. Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497-98 (9th Cir. 2000) (holding that enforcement of a forum-selection clause in a California franchise agreement violated California public policy because California law explicitly voided such clauses restricting venue). Zipcar disagrees with Plaintiff's characterization of California public policy, but in any event, Plaintiff will be free to assert her position on this substantive

1  issue before the District of Massachusetts. *See, e.g.*, *Gamayo* at *18-19 (enforcing a forum-
2  selection clause where, "since the . . . clause permit[ted] actions to be brought in federal court,
3  Plaintiff remain[ed] free to pursue her claims on a class basis"); *Besag v. Custom Decorators,*
4  *Inc.*, 2009 U.S. Dist. LEXIS 13582,at * 11 (N.D. Cal. Feb. 10, 2009) (noting that "[i]ndirect
5  attacks based on what substantive law will ultimately apply to a party's claims are problematic
6  because they require courts to speculate as to the potential outcome of the litigation on the merits
7  in the transferee forum") (internal quotation omitted). In sum, Plaintiff cannot sustain her
8  "heavy burden" of showing that the third and final exception applies. The forum-selection
9  clause in Zipcar's Membership Agreement is thus contractually valid.

### C. No Extraordinary Circumstances Exist To Justify Denying A Transfer

Because the parties agreed to a contractually valid forum-selection clause, a transfer should be granted unless Plaintiff can show that "extraordinary circumstances unrelated to the convenience of the parties . . . overwhelmingly disfavor a transfer." *Atl. Marine* at *581, 583; *see also id.* at *583 ("In all but the most unusual cases, . . . the interest of justice is served by holding parties to their bargain.") (internal quotation marks omitted); *id.* at *579 ("[A] proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases") (internal quotation marks omitted). Factors Plaintiff may point to here include only: (i) "the administrative difficulties flowing from court congestion; [and (ii)] the local interest in having localized controversies decided at home[.]"[6] *See Atl. Marine* at *581 n. 6 (quoting *Piper Aircraft*, 454 U.S. at 241 n. 6). Plaintiff cannot sustain her burden of showing that these factors "overwhelmingly disfavor a transfer."

---

[6] A third factor is "the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine* at *581 n. 6 (quoting *Piper Aircraft*, 454 U.S. at 241 n. 6). "Because this is not strictly a diversity case," however, "the third factor is not applicable here." *Moretti v. Hertz Corp.*, 2014 U.S. Dist. LEXIS 50660, at * 16-17 and n. 3 (N.D. Cal. Apr. 11, 2014) (granting motion to transfer where "federal jurisdiction [was proper] pursuant to the Class Action Fairness Act"); *see also* Compl. ¶ 12 (alleging federal jurisdiction "pursuant to the Class Action Fairness Act"). And even if were, moreover, it would fail carry the day since: (i) under *Atlantic Marine* a transferee court applies its own choice-of-law rules, *see id.* at 584 (stating that "at minimum" this "reduces whatever weight . . . might have [been] given to the public-interest factor that looks to the familiarity of the transferee court with the applicable law"); (ii) Massachusetts rather than California substantive law may well apply in this case, *see* Gibbs Decl., Ex. 1 (ZMA ¶ 9.5) (choice-of-law clause providing that the Membership Agreement "is governed by the laws in force in Massachusetts"); and (iii) "in any event, federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine* at 584.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

Case No. 3:14-cv-02483-TEH
ZIPCAR'S MOTION TO TRANSFER TO THE
DISTRICT OF MASSACHUSETTS

First, Plaintiff can point to no "administrative difficulties flowing from court congestion" that would make this judicial District a more appropriate (let alone an "overwhelmingly" more appropriate) forum for this case than the District of Massachusetts.  In this District, the median time interval for cases disposed of at trial is 27.5 months, while in the District of Massachusetts the interval is 30.6 months—an immaterial difference.  *See* Administrative Office of the U.S. Courts, Judicial Business of the U.S. Courts 2013, at Table C-5, *available at* http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2013/appendices/C05Sep13.pdf.  Moreover, Judge Nathaniel M. Gorton of the District of Massachusetts recently considered related cases with allegations very similar to those issue here.  *See Reed v. Zipcar, Inc., 883 F. Supp. 2d 329* (D. Mass. 2012) (dismissing complaint alleging that Zipcar's late fees constitute an unlawful penalty), *aff'd* 527 Fed. App'x 20 (1st Cir. 2013) (Souter, J., sitting by designation); *Blay v. Zipcar, Inc.*, 716 F. Supp. 2d 115 (D. Mass. 2010) (same).  And no other facts here support a showing of administrative difficulties.  Accordingly, judicial economy does *not* favor this District and if anything favors the District of Massachusetts.

Second, Plaintiff cannot show that this case involves a "localized controvers[y]," such that "localized interest[s]" "overwhelmingly" favor keeping it at "home" in this District.  Although the local interest factor might weigh in favor of a California forum where a California plaintiff sues a California defendant over conduct that took place in California, *Carijano v. Occcidental Petroleum Corp.*, 643 F.3d 1216, 1233 (9th Cir. 2011), the state has "little interest" in keeping litigation in-state where, as here, the defendant is not a California corporation.  *Guimei v. Gen. Elec. Co.*, 172 Cal. App. 4th 689, 703 (2009).[7]  As Plaintiff concedes, Zipcar is not California corporation but rather is domiciled in Delaware and has its principle place of business in Massachusetts.  *See* Compl. ¶ 11 (alleging that "Zipcar is a Delaware corporation"); Doc. No. 6 (describing Zipcar's address in "Boston, M[assachusetts]").  Since this is *not* a case where "a California plaintiff is suing a California defendant over conduct that took place in the

---

[7] Conversely, "California courts have repeatedly recognized the state's interest in deciding actions against *resident* corporations whose conduct . . . causes injury to persons in *other* jurisdictions." *Carijano*, 643 F.3d at 1232-33 (emphasis added and internal quotation marks omitted).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

Case No.  3:14-cv-02483-TEH
ZIPCAR'S MOTION TO TRANSFER TO THE
DISTRICT OF MASSACHUSETTS

state", the local-interest factor does *not* weigh against a transfer, much less "overwhelmingly" so.

In her Complaint, Plaintiff also alleges that California is an appropriate forum because she seeks to represent a class of California residents. *Id.* ¶ 18. But this is by no means the type of "extraordinary" or "exceptional" or "unusual" situation necessary to preclude a transfer under an otherwise valid forum-selection clause. As noted above, the fact that the named Plaintiff lives in California is not enough to invalidate the forum-selection clause. *See supra* at IV.B. In light of that rule, it would be absurd to say that the clause should be ignored because the absent members of a class that has not even been certified live in California. Even if a class were certified, the location of the case would have absolutely no impact on absent class members, and the location of the absent class members would have no impact on the litigation of the case. Indeed, applying the rule as Plaintiff suggests would effectively allow a party to nullify a contractual forum-selection provision through the mere expedient of bringing her suit as a putative class action. Such a broad *de facto* exception cannot be what the Supreme Court had in mind when it held in *Atlantic Marine* that "enforcement of valid form-selection clauses . . . protects the[] legitimate expectations [of the parties,] furthers vital interests of the judicial system[, and in all but the most exceptional cases] promote[s] the interest of justice." *Id.* at 581.

In sum, because Plaintiff cannot show that administrative difficulties or local interests "overwhelmingly disfavor a transfer," the parties' contractually valid forum-selection clause should be given its stated effect.

## CONCLUSION

For the foregoing reasons, Zipcar respectfully requests that the Court transfer this action to the District of Massachusetts.

Dated: July 11, 2014

Respectfully submitted,

LATHAM & WATKINS LLP

By: _____*/s/ Patrick E. Gibbs*_____
Patrick E. Gibbs

Attorneys for Defendant Zipcar, Inc.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

Case No. 3:14-cv-02483-TEH
ZIPCAR'S MOTION TO TRANSFER TO THE
DISTRICT OF MASSACHUSETTS