**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: scott@bursor.com
         ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA BAYOL, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>       v.<br><br>ZIPCAR, INC.,<br><br>                              Defendant. | Case No. 3:14-cv-02483 THE<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO TRANSFER**<br><br> Date: September 22, 2014<br>Time: 10:00 a.m.<br>Courtroom 2, 17th Floor<br><br>Honorable Thelton E. Henderson |

# TABLE OF CONTENTS

**PAGE(S)**

I.      INTRODUCTION ...........................................................................................................1

II.     STATEMENT OF FACTS ...........................................................................................2

III.    APPLICABLE LEGAL STANDARDS .....................................................................3

      A.      The Standards for Enforcing a Forum Selection Clause ............................3

      B.      Defendant Bears the Burden of Showing that Enforcement of the
            Forum Selection Clause Would Not Diminish Plaintiff's Rights
            under the CLRA ............................................................................................5

IV.     ARGUMENT ................................................................................................................6

      A.      The Forum Selection Clause and Choice of Law Clause Must Be
            Considered Together in Evaluating the Validity and Enforceability of
            the Forum Selection Clause .........................................................................6

      B.      The Forum Selection Clause in the Membership Agreement Is Not
            Valid ..............................................................................................................10

      C.      The Wholesale Waiver of CLRA and California Civil Code §
            1671(d) Remedies Constitutes an Extraordinary Circumstance
            Justifying the Denial of Transfer under Atlantic Marine ........................15

V.      CONCLUSION ...........................................................................................................17

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Am. Online, Inc. v. Superior Court,*
   90 Cal. App. 4th 1 (2001) ................................................................ passim

*Aral v. EarthLink, Inc.,*
   134 Cal. App. 4th 544 (2005) ........................................................... 11

*Atl. Marine Constr. Co. v. United States Dist. Court,*
   134 S. Ct. 568 (2013) ...................................................................... passim

*Blay v. Zipcar, Inc.,*
   716 F. Supp. 2d 115 (D. Mass. 2010) .............................................. 9, 11

*Borden v. Paul Revere Life Ins. Co.,*
   935 F.2d 370 (1st Cir. 1991) ........................................................... 8

*Bremen v. Zapata Off-Shore Co.,*
   407 U.S. 1, 15 (1972) ...................................................................... 4, 5, 10

*Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.,*
   2008 WL 3876341 (E.D. Cal. Aug. 20, 2008) ................................. 5, 10

*Bright v. Zimmer Spine, Inc.,*
   2014 WL 588051 (N.D. Ala. Feb. 14, 2014) ................................... 5

*Broberg v. Guardian Life Ins. Co. of Am.,*
   171 Cal. App. 4th 912 (2009) ......................................................... 15

*Broughton v. Cigna Healthplans of California,*
   21 Cal. 4th 1066 (1999) .................................................................. 12

*Doe 1 v. AOL LLC,*
   552 F.3d 1077 (9th Cir. 2009) ........................................................ 7

*ePresence, Inc. v. Evolve Software, Inc.,*
   190 F. Supp. 2d 159 (D. Mass. 2002) ............................................. 8

*Erie Railroad Co. v. Tompkins,*
   304 U.S. 64 (1938) .......................................................................... 5

*First Options of Chicago, Inc. v. Kaplan,*
   514 U.S. 938 (1995) ........................................................................ 4

*Garrett v. Coast & Southern Fed. Sav. & Loan Assn.,*
   9 Cal. 3d 731 (1973) ....................................................................... 9

*Gen. Eng'g Corp. v. Martine Marietta Alumina, Inc.,*
   783 F.2d 352 (3d Cir. 1986) ........................................................... 5

*Hypower, Inc. v. SunLink Corp.*,
  2014 WL 15618379 (N.D. Cal. Apr. 21, 2014) ................................................................ 4

*In re Cellphone Termination Fee Cases*,
  193 Cal. App. 4th 298 (2011) ...................................................................................... 9

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ............................................................................ 4, 8, 11

*Lueck v. Sundstrand*,
  236 F.3d 1137 (9th Cir. 2001) ..................................................................................... 15

*Miller v. Hearst Commc'ns., Inc.*,
  2012 WL 3205241 (C.D. Cal. Aug. 3, 2012) ....................................................... 7, 11, 14

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614 (1985) ...................................................................................................... 7

*Moretti v. Hertz Corp.*,
  2014 WL 1410432 (N.D. Cal. Apr. 11, 2014) .............................................................. 4

*Murphy v. Schneider Nat'l, Inc.*,
  362 F.3d 1133 (9th Cir. 2004) .................................................................................... 10

*Nagrampa v. MailCoups, Inc.*,
  469 F.3d 1257 (9th Cir. 2006) ...................................................................................... 5

*Nei v. Burley*,
  388 Mass. 307 (1983) .................................................................................................. 12

*Nutracea v. Langley Park Invs. PLC*,
  2007 WL 135699 (E.D. Cal. Jan. 16, 2007) ......................................................... 4, 7, 14

*Omstead v. Dell, Inc.*,
  533 F. Supp. 2d 1012 (N.D. Cal. 2008) .................................................................... 5, 6

*Perry v. AT&T Mobility LLC*,
  2011 WL 4080625 (N.D. Cal. Sept. 12, 2011) ............................................................ 7

*Phi, Inc. v. Apical Industr., Inc.*,
  2014 WL 1820717 (W.D. La. Mar. 7, 2014) ............................................................... 10

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) ............................................................................................. 11, 15

*Preferred Capital, Inc. v. Sarasota Kennel Club, Inc.*,
  489 F.3d 303 (6th Cir. 2007) ....................................................................................... 5

*Reed v. Zipcar, Inc.*,
  883 F. Supp. 2d 329 (D. Mass. 2012) ...................................................................... 9, 11

*Russel v. De Los Suenos*,
  2014 WL 1028882 (S.D. Cal. Mar. 17, 2014) ......................................................... 3, 10

*Sawyer v. Bill Me Later, Inc.*,
  2010 WL 5289537 (C.D. Cal. Oct. 4, 2010) ................................................................ 7, 10, 12, 14
*Smith v. Paul Green Sch. Of Rock Music Franchising, LLC*,
  2008 WL 2037721 (C.D. Cal. May 5, 2008) .............................................................................. 5, 6
*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) ......................................................................................................................... 5
*Tuazon v. R.J. Reynolds Tobacco Co.*,
  433 F.3d 1163 (9th Cir. 2006) ...................................................................................................... 15
*Util. Consumers' Action Network, Inc. v. AT&T Broadband of Southern California, Inc.*,
  135 Cal. App. 4th 1023 (2006) ....................................................................................................... 8
*Waters v. Advent Prod. Dev., Inc.*,
  2008 WL 7683231 (S.D. Cal. June 26, 2008) ................................................................................ 7

**STATUTES**
28 U.S.C. § 1404(a) ............................................................................................................... passim
Civil Code § 1670.5 ...................................................................................................................... 3
Civil Code § 1671 ................................................................................................................. passim
Civil Code § 1751 ................................................................................................................ 10, 13,14
Civil Code § 1760 ........................................................................................................................ 15
Civil Code § 1770(a)(14) ............................................................................................................... 3
Civil Code § 1770(a)(19) ............................................................................................................... 3
Civil Code § 1780 ................................................................................................................... 12, 16
Civil Code § 1781(b) ................................................................................................................... 12
Civil Code § 1789.83 ................................................................................................................... 14
Civil Code § 1798.84 ................................................................................................................... 14

**OTHER AUTHORITIES**
Massachusetts Consumer Protection Act, Mass. Gen. L. Ann. 93A § 9 (2004) ...................... 12, 13
Matthew J. Sorensen, *Enforcement of Forum-Selection Clauses in Federal Court*
  *After Atlantic Marine*, 82 Fordham L. Rev. 2521 (2014) ............................................................ 4
Virginia Consumer Protection Act of 1977, Va. Code. Ann., § 59.1-196 ..................................... 13

**TREATISES**
William L. Stern, *Bus. & Prof. C. § 17200 Practice*, §§ 10:40 (Rutter Group 2011) ..................... 15

Plaintiff Gabriela Bayol ("Plaintiff") respectfully submits this Memorandum of Points and Authorities in Opposition to Zipcar, Inc.'s Motion to Transfer to the District of Massachusetts Pursuant to 28 U.S.C. § 1404(a).

## I.  INTRODUCTION

Plaintiff brings this action on behalf of all California residents who subscribe or have subscribed to Defendant's car rental services and who have paid a late fee for returning a vehicle past the time set by their reservation.  Plaintiff pursues exclusively California statutory causes of action, including claims pursuant to the California Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA") and Cal. Civ. Code § 1671.  Defendant's late fees are presumed unlawful under California law and Plaintiff therefore has a significant chance of prevailing on the merits if this action were to be litigated in California.  However, Plaintiff's contract with Defendant contains forum selection and choice of law clauses that dictate that Massachusetts law governs the contract and that all disputes concerning the contract must be resolved in Massachusetts.  Accordingly, Defendant argues that all actions concerning late fees in its contracts with customers must be resolved in Massachusetts, even though no law exists in Massachusetts to challenge their validity.  In fact, two district courts in Massachusetts and the First Circuit have already held that the precise late fee provisions in Plaintiff's contract cannot be challenged under Massachusetts law.  Plaintiff's claims would likely be dismissed by a Massachusetts court.  Thus, granting Defendant's motion would accord it wholesale immunity as to all California causes of action.  Granting Defendant's motion would also violate established California public policy and would cut against Ninth Circuit and California precedent.  Plaintiff may not sign away certain rights and remedies guaranteed by California statute, as Defendant would have this Court believe.  The Court should carefully consider the effects that transfer would have in this case, the type of precedent it would set, and be mindful that the state and federal courts of California are the only fora where Plaintiff's unwaiveable California rights are cognizable.

## II.  STATEMENT OF FACTS

Plaintiff alleges that the Defendant imposes unreasonable and illegal late fees ("Late Fees") pursuant to a Membership Agreement that all customers must sign to use Defendant's car-rental services.  Compl. ¶¶ 19-22.  Plaintiff alleges that the Membership Agreement is a contract of adhesion under California law, "drafted entirely by Zipcar and/or its affiliates, is not subject to modification or negotiation and is presented to prospective members on a 'take it or leave it' basis."  *Id.* ¶ 20.  The Membership Agreement imposes Late Fees of $50 "per late hour or any part thereof, up to a maximum of $150 … per late return."  *Id.* ¶ 22; *see also* Def's Br. at 2.  Thus, Late Fees can be applied pursuant to the Membership Agreement no matter if a return is late by even a second.  *Id.*  Like the rest of the contract, "[t]he Late Fees were not negotiated or discussed with Bayol or the members of the proposed class."  *Id.* ¶ 25.

Paragraph 9.5 of the Membership Agreement includes a "choice of law provision, stating that the law of the Commonwealth of Massachusetts shall govern disputes" concerning the Membership Agreement and that "the state and federal courts of the Commonwealth of Massachusetts shall be the jurisdiction for the resolution of any such disputes."  *Id.* ¶ 15; Def's Br. at 3 n. 3.  With respect to the forum selection and choice of law clauses, Plaintiff specifically alleges facts relating to their unreasonableness and unenforceability:

> 16.     First, enforcement of the forum selection clause would effectively deprive Bayol and the proposed Class of their day in court where, as here, Bayol, who resides in Daly City, California, would have to incur too much travel and expense to litigate in Massachusetts to recover her relatively small monetary claims.  The distance between Daly City, California and Boston, Massachusetts is over twenty six hundred miles each way (in the air), and a direct round-trip flight lasts over twelve hours in the air, excluding time spent preparing for the trip, travelling to and from the airports and waiting for flights.  According to www.priceline.com, one direct round-trip economy class ticket from San Francisco International Airport to General Logan International Airport (Boston) costs $436.00 plus tax.  Also, based on online inquiries into the pricing of Boston area hotels, an average night at the Comfort Inn and Suites Logan Airport costs $249 per night and an average night at the Hilton Boston Logan Airport costs $259 per night.  In comparison, Zipcar's Late Fees range between $50 and $150.  Thus, Zipcar's forum selection clause, which would require Bayol to travel over five thousand miles and spend multiples the amounts of her small claims just to make her case, is not reasonable.  Adding to the unreasonableness is the extra time and money that Bayol would have to devote to the litigation, including but not limited to additional time off from work and any resulting lost wages.  Thus, trial of this matter in Massachusetts would be so gravely difficult and inconvenient that it would effectively

deprive Plaintiff of her day in court, thereby making enforcement of Zipcar's forum selection clause unfair, unjust and unreasonable.

17.     Second, the application of Massachusetts law would be contrary to a fundamental policy of the State of California. The State of California has determined that all liquidated damages provisions such as at issue here are presumptively invalid. *See* Civil Code § 1671(d). Application of Massachusetts law to Bayol and members of the proposed class would severely undermine the fundamental California policy against liquidated damages provisions because Massachusetts law would deny Bayol and members of the proposed class a similar presumption.

18.     Third, California has a significantly greater interest than Massachusetts in resolution of claims based on Zipcar's Late Fees. The Membership Agreement was signed by Bayol and members of the class in California. California was also the state where Bayol and all of the thousands of members of the proposed class reside. Further, Zipcar services are available in far more cities in the State of California than any other state, including Massachusetts.   Indeed, Zipcar services are altogether unavailable in a number of states.

Compl. ¶¶ 16-18.

Plaintiff alleges that the Late Fees "are unconscionable, void and unenforceable under Civil Code §§ 1670.5, 1671(b) and/or 1671(d), constitute an unlawful, unfair and deceptive practice under the UCL, and violate the CLRA, including without limitation Civil Code §§ 1770(a)(14) and 1770(a)(19)." *Id*. ¶ 26. Plaintiff asserts claims exclusively on behalf of California residents, pursuant to California statutes, concerning injuries and conduct that occurred in California. *Id*. ¶¶ 27, 30. Defendant is "registered with the California Secretary of State to conduct business within California and conducts substantial business within California. *Id*. ¶ 13.

### III.  APPLICABLE LEGAL STANDARDS

#### A.     The Standards for Enforcing a Forum Selection Clause

Ordinarily, a district court considering a § 1404(a) motion has broad discretion to either retain or transfer a civil action based on the "convenience of the parties and various public-interest considerations. *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 581 (2013) ("*Atl. Marine*"). When a party requests transfer based on a forum selection clause, the Court must first establish that the clause is valid. *See id*. at 581 n. 5 ("Our analysis presupposes a contractually valid forum-selection clause."); *Russel v. De Los Suenos*, 2014 WL 1028882, at *6 (S.D. Cal. Mar. 17, 2014) (holding that because the *Atl. Marine* analysis is "predicated on the basic assumption that the clause is valid," district courts "must therefore consider arguments that the clause is invalid").

1   While forum selection clauses are regularly presumed valid, "both the Supreme Court and the

2   Ninth Circuit have recognized an exception to that general rule when the contractual choice-of-

3   forum law would contravene a strong public policy of the forum in which suit is brought, whether

4   declared by statute or by judicial decision." *Nutracea v. Langley Park Invs. PLC*, 2007 WL

5   135699, at *2 (E.D. Cal. Jan. 16, 2007) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1,

6   15 (1972) and *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000)).

7          Where the district court is assured that the forum selection clause is valid, it may then

8   "consider arguments about public-interest factors only." *Atl. Marine*, 134 S. Ct. at 582; *Hypower,*

9   *Inc. v. SunLink Corp.*, 2014 WL 15618379, at *7 (N.D. Cal. Apr. 21, 2014) ("*Atlantic Marine*

10  emphasize[s] the importance of the public-interest factors"). Thus, once validity is established,

11  district courts "should not consider arguments about the parties' private interests." *Atl. Marine*,

12  134 S. Ct. at 582. Further, a plaintiff's choice of forum receives no weight. *Id.* at 581. In addition,

13  a § 1404(a) venue transfer will no longer "carry with it the original venue's choice-of-law rules – a

14  factor that in some instances may affect public-interest considerations." *Id.* at 582.

15         Defendant states that the validity of forum selection clauses is governed by federal law.

16  Def's Br. at 5 n. 4. However, courts are split on this issue. For example, in *Moretti v. Hertz Corp.*,

17  2014 WL 1410432 (N.D. Cal. Apr. 11, 2014), a case decided after *Atl. Marine*, Judge Jeffrey S.

18  White was faced with a § 1404(a) motion to transfer. In a section titled "Validity of the Clause,"

19  Judge White began his analysis by holding that "When deciding whether the parties agreed to a

20  certain matter, 'courts generally … should apply ordinary state-law principles that govern the

21  formation of contracts.'" *Id.* at *2 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938,

22  944 (1995)). The Court in *Atl. Marine* "presuppose[d] a contractually valid forum-selection

23  clause." 134 S. Ct. at 581 n. 5. It did not hold that federal law applies to the interpretation of

24  contractual terms or to their validity. *See gen.* Matthew J. Sorensen, *Enforcement of Forum-*

25  *Selection Clauses in Federal Court After Atlantic Marine*, 82 Fordham L. Rev. 2521 (2014)

26  (concluding that the validity of forum selection clauses must be governed by state law to comport

27

28

with *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)).[1]  Accordingly, while federal law may be

persuasive, it is wholly appropriate for Plaintiff to cite to California precedent.

### B. Defendant Bears the Burden of Showing that Enforcement of the Forum Selection Clause Would Not Diminish Plaintiff's Rights under the CLRA

Defendant rests its entire motion on the basis that Plaintiff has not met her "heavy burden"

to invalidate the forum selection clause.  Def's Br. at 1, 3, 6-7, 8.  While *Atl. Marine* reaffirmed the

long-standing rule that a plaintiff bears the burden to invalidate a forum selection clause, *Atl.*

*Marine* did not alter California and federal precedent recognizing an exception to the rule where a

plaintiff seeks to enforce unwaiveable statutory rights.  *Atl. Marine*, 134 S. Ct. at 581.  To be clear,

*Atl. Marine* did not change the law concerning a plaintiff's burden, but rather limited the factors a

court may consider in conducting a § 1404(a) analysis.  *See Bremen*, 407 U.S. at 17 (showing that a

plaintiff had the "heavy burden" since at least 1972).  California and federal precedent holds that

where a California statute contains an anti-waiver provision, the burden shifts to the defendant to

show "that enforcement of the two provisions [(the choice of law and choice of forum provisions)]

would not diminish Plaintiffs' rights under California law."  *Bridge Fund Capital Corp. v.*

*Fastbucks Franchise Corp.*, 2008 WL 3876341, at *4 (E.D. Cal. Aug. 20, 2008) (citing *Nagrampa*

*v. MailCoups, Inc.*, 469 F.3d 1257, 1289 (9th Cir. 2006)); *see Smith v. Paul Green Sch. Of Rock*

*Music Franchising, LLC*, 2008 WL 2037721, at *4-5 (C.D. Cal. May 5, 2008) (summarizing

California case law and applying the exception in federal court); *Omstead v. Dell, Inc.*, 533 F.

Supp. 2d 1012, 1034 (N.D. Cal. 2008) (noting that under California law the burden rests with the

---

[1] Several federal circuits that have considered the issue in detail have held that state law must govern the validity of forum selection clauses.  *Preferred Capital, Inc. v. Sarasota Kennel Club, Inc.*, 489 F.3d 303, 308 (6th Cir. 2007); *see Gen. Eng'g Corp. v. Martine Marietta Alumina, Inc.*, 783 F.2d 352, 356-57 (3d Cir. 1986) ("The construction of contracts is usually a matter of state, not federal, common law.").  *See also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 38-41 (1988) (Scalia, J. dissenting) (arguing that federal courts have no authority to make federal common law concerning the validity of forum-selection clauses); *Bright v. Zimmer Spine, Inc.*, 2014 WL 588051, at *2 n. 2 (N.D. Ala. Feb. 14, 2014) (noting that Justice Scalia's dissent in *Stewart* concerning the validity of forum selection clauses is "pure dicta, and there is no negative inference to be drawn from the fact that the discussion was part of a dissenting opinion.").

defendant to show that the CLRA's anti-waiver provision is not violated); *Am. Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 11 (2001) (same).  In *Am. Online*, the Court held:

> [T]he Legislature has ensured that the rights afforded to California citizens against unfair practices cannot be diminished or avoided by contract.  Where the effect of transfer to a different forum has the potential of stripping California consumers of their legal rights deemed by the Legislature to be non-waiveable, the burden must be placed on the party asserting the contractual forum selection clause to prove that the CLRA's anti-waiver provisions are not violated.  For this reason we … conclude that the CLRA claim pleaded by [the plaintiff] … mandates departure from the general rule which normally places the burden of proving unfairness or unreasonableness of the forum selection clause on the party opposed to its enforcement.

90 Cal. 4th at 11.  In *Smith*, 2008 WL 2037721, at *5 n. 9, the court clarified that the burden shifts to the defendant "when enforcement of a forum selection clause *risks* undermining unwaiveable statutory rights." (emphasis added).

## IV.  ARGUMENT

### A.    The Forum Selection Clause and Choice of Law Clause Must Be Considered Together in Evaluating the Validity and Enforceability of the Forum Selection Clause

Defendant argues that the fact that Zipcar's Membership Agreement imposes Massachusetts law on its customers is not "relevant" to the Court's analysis of the forum selection clause.  *See* Def's Br. at 7-8 (arguing that whether Massachusetts law ultimately applies to the merits is irrelevant).  That is simply not the law in the Ninth Circuit and California.  Under California law, "where both a forum-selection clause and a choice-of-law clause are at issue, the question of the enforceability of the forum-selection clause is 'inextricably bound up' in the question of the validity of the choice-of-law provision."  *Omstead*, 533 F. Supp. 2d at 1034 (citing *Hall v. Superior Court*, 150 Cal. App. 3d 411, 416 (1983)).  "The reason for considering them together [is] that absent a choice of law clause, the selected forum could apply California law to the dispute under the selected forum's conflict of laws principles.  If so, there would be no *risk* that substantive law might be employed which would materially diminish rights of California residents in violation of California public policy."  *Am. Online,* 90 Cal. 4th at 13 (emphasis added).  The court in *Am. Online* did not even consider the choice of law provision on its own but rather "addressed the choice-of-law issues *only* as part of its discussion of the forum-selection clause."  *Omstead*, 533 F.

Supp. 2d at 1034.  The Ninth Circuit approved of California's comingled choice of law and forum selection clause analysis where, as here, application of forum law specified in a choice of law provision could have waived consumers' rights under the CLRA.  *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1084 (9th Cir. 2009).  *See also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 637 n. 19 (1985) ("We merely note that in the event the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies for antitrust violations, we would have little hesitation in condemning the agreement as against public policy.") (quoting the District Court, below); *Sawyer v. Bill Me Later, Inc*., 2010 WL 5289537, at *6 (C.D. Cal. Oct. 4, 2010) ("Where [a forum selection clause] is bound together with a choice of law clause, however, the [forum selection clause] is unenforceable if the two clauses work together to violate a strong California public policy."); *Waters v. Advent Prod. Dev., Inc*., 2008 WL 7683231, at *8-10 (S.D. Cal. June 26, 2008) (considering both choice of law and forum selection clauses in the forum selection clause enforceability analysis); *Nutracea*, 2007 WL 135699, at *2-3 (same); *Miller v. Hearst Commc'ns., Inc*., 2012 WL 3205241, at *2-3 (C.D. Cal. Aug. 3, 2012) (same); *Perry v. AT&T Mobility LLC*, 2011 WL 4080625, at *4 (N.D. Cal. Sept. 12, 2011) (same).

The cases Defendant cited in support of its position are unpersuasive and not binding, as they directly contravene Ninth Circuit and Supreme Court authority.  *See Miller*, 2012 WL 3205241, at *2 n. 1 ("Defendant argues that it is improper for us to consider the choice-of-law clause in determining whether the forum selection clause is enforceable. However, Ninth Circuit law clearly permits the Court to do so.  In support of its argument to the contrary, Defendant merely cites non-binding district court opinions.") (internal quotations and citations omitted); *Perry*, 2011 WL 4080625, at *4 n. 4 ("Defendants argue that the Court may not consider the choice of law clause, but they do not discuss the Supreme Court and Ninth Circuit law that clearly permits the Court to do so.  Rather, they cite a number of district court cases.").  In the only Ninth Circuit decision cited by Defendants, the Ninth Circuit affirmed the *denial* of a § 1404(a) motion to transfer to Pennsylvania despite the presence of a forum selection clause in part because of

California public policy. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The court in *Jones* said absolutely nothing about the propriety of considering the choice of law provision in the analysis of the forum selection clause.

Defendant makes no effort to dispute that application of Massachusetts law would derail the unwaiveable protections of the CLRA and established remedies under Cal. Civ. Code § 1671(d). Instead, Defendant categorically states that "Zipcar disagrees with Plaintiff's characterization of California public policy, but in any event, Plaintiff will be free to assert her position on this substantive issue before the District of Massachusetts." Def's Br. at 7-8. That is not good enough. It is inappropriate to punt this class action, consisting entirely of California consumers asserting exclusively California causes of action, to the District of Massachusetts with no regard for what happens to the claims once they arrive. *Atl. Marine* established that a § 1404(a) venue transfer "will not carry with it the original venue's choice-of-law rules." 134 S. Ct. at 582. Thus, if this case were transferred to the District of Massachusetts, Massachusetts choice of law rules would apply. *Id.* ("A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits."). Under binding First Circuit law, a court in the District of Massachusetts would be free to accept the choice of law provision without any independent analysis, absent exceptional circumstances. *Borden v. Paul Revere Life Ins. Co.*, 935 F.2d 370, 375 (1st Cir. 1991) ("Where, however, the parties have agreed about what law governs, a federal court sitting in diversity is free, if it chooses, to forgo independent analysis and accept the parties' agreement."); *ePresence, Inc. v. Evolve Software, Inc.*, 190 F. Supp. 2d 159, 162 (D. Mass. 2002).

The massive risk that a court in the District of Massachusetts would enforce the choice of law provision here is unacceptable, because Plaintiff would lose many protections under the CLRA that cannot be waived and would lose an important presumption under § 1671. By enacting § 1671, the California legislature has established a public policy that "liquidated damage clauses in consumer contracts are presumed void, placing the burden on the proponent of the clause to rebut that presumption." *Util. Consumers' Action Network, Inc. v. AT&T Broadband of Southern California, Inc.*, 135 Cal. App. 4th 1023, 1042 (2006) (citing *Garrett v. Coast & Southern Fed.*

*Sav. & Loan Assn.*, 9 Cal. 3d 731, 738 (1973).[2]  Not only would Plaintiff receive no such presumption under Massachusetts law, she would receive no remedy at all.  As Defendant points out, the same exact Late Fee provision that is alleged as unlawful in this case has been challenged twice in Massachusetts.  Def's Br. at 9.  In *Blay v. Zipcar, Inc.*, 716 F. Supp. 2d 115 (D. Mass. 2010), an Illinois citizen brought a class action complaint against Defendant in part based on Zipcar's $50 Late Fee.  The court in *Blay* dismissed and granted leave to amend, but the plaintiff failed to do so.  In *Reed v. Zipcar, Inc.*, 883 F. Supp. 2d 329 (D. Mass. 2012), *aff'd* 527 Fed. App'x 20 (1st Cir. 2013) (Souter, J., sitting by designation), filed after the dismissal in *Blay*, a New York citizen brought essentially the same suit, but "focuse[d] solely on Zipcar's late fee policy," the same $50 Late Fee provision challenged here.  883 F. Supp. 2d at 331.  The plaintiff challenged the Late Fee under a litany of theories available in Massachusetts, but the court nevertheless dismissed the claims with prejudice.  *Id*. at 337.  In so doing, the court noted:

> The allegations pled in support of Reed's case are more robust than those of her predecessor.  She substantiates some of her claims about Zipcar's late fee policy by comparing it to the policies of its competitors. She explains why, in her opinion, the late fees are "unlawful," "oppressive" and "disproportionate" instead of merely asserting that they are so.  **She even proposes solutions to lower the fees or avoid them altogether. Nevertheless, just as one cannot get blood from a stone, some allegations, no matter how well articulated, do not give rise to a claim for relief.**

*Id*. at 336-37 (emphasis added).  In essence, the court in *Reed* has made clear that, no matter how well Plaintiff may have pled her claim here, Bayol and California consumers have absolutely no remedy concerning the Late Fees under Massachusetts law.  *See id*. at 333 ("there is no affirmative cause of action based on a claim of unlawful liquidated damages or penalty").  It is important to note that *Reed* was not decided on the merits; the court in *Reed* rather ruled that no cause of action even exists for the plaintiff to proceed on her claim.  *Id*. at 336-37.

Further, the California legislature has deemed rights under the CLRA so important that it has designated them as unwaiveable.  The CLRA states that "**Any** waiver by a consumer of the provision of this title is contrary to public policy and **shall** be unenforceable and void." Cal. Civ.

---

[2] In California, Plaintiff has an excellent chance of prevailing. *See e.g., In re Cellphone Termination Fee Cases*, 193 Cal. App. 4th 298, 321-29 (2011) (finding a $200 early termination fee in consumer contracts for cellphone services as illegal under § 1671(d)).

Code § 1751 (emphasis added)).  Both the Ninth Circuit and California courts have held that "California public policy is violated by [a forum selection clause] if the clause forces California resident plaintiffs to waive their rights to remedies under the CLRA."  *Sawyer*, 2010 WL 5289537, at *6 (citing *Doe 1*, 552 F.3d at 1084); *Am. Online Inc*., 90 Cal. App. 4th at 15-17.  While *Am. Online, Inc*. stands for the proposition that a comingled analysis is necessary where there is a "*risk* that substantive law might be employed" that could "materially diminish" rights under the CLRA, here, the "diminishment" of Plaintiff's unwaivable rights is almost guaranteed.  *Am. Online, Inc.*, 90 Cal. App. 4th at 13 (emphasis added).

Accordingly, this Court must consider both the choice of forum and choice of law provisions in ruling on Defendant's motion in accordance with Ninth Circuit and Supreme Court precedent.  This is a clear case where the two clauses work in tandem to violate California public policy and must be considered together because they are "intertwined."

### B.   The Forum Selection Clause in the Membership Agreement Is Not Valid

A forum selection clause is not valid (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; or (3) if enforcement would contravene a strong public policy of the forum in which suit is brought.  *See Bremen*, 407 U.S. 1, 12-13 (1972); *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004).  As to the third factor, where a California statute contains an anti-waiver provision, the defendant bears the burden to show that enforcement of the choice of forum and choice of law provisions, considered together, "would not diminish Plaintiffs' rights under California law."  *Bridge Fund Capital Corp.*, 2008 WL 3876341, at *4; s*ee gen.* Section III(B), supra (discussing Defendant's burden).  After *Atl. Marine*, courts still routinely apply the *Bremen* factors to determine whether a forum selection clause is valid.  *See Russel*, 2014 WL 1028882 (applying *Bremen* factors to the question of validity separate from the *Atl. Marine* analysis), at *6-8; *Phi, Inc. v. Apical Industr., Inc.*, 2014 WL 1820717, at *10 (W.D. La. Mar. 7, 2014) ("The question [is] not whether, under *Atlantic Marine*, the case was so extraordinary that the motion to transfer should not be granted but whether, under

*Bremen* … and the cases that followed … the factual circumstances rendered the forum-selection clause too unreasonable to be enforced."). *See also* Def's Br. at 5 (setting out the *Bremen* factors in the discussion concerning validity).

Here, there is no question that Plaintiff and the purported class would effectively be deprived of their day in court. First, no reasonable consumer, including Plaintiff, would ever be willing to devote the time, expense, and travel necessary to litigate this case thousands of miles away over a $50 Late Fee. *See* Compl. ¶ 16; *Aral v. EarthLink, Inc.*, 134 Cal. App. 4th 544, 561 (2005). More importantly (in light of *Atl. Marine*) is that no reasonable consumer would ever litigate this case in Massachusetts because the claims asserted in Plaintiff's Complaint are not recognized under Massachusetts law. In *Jones*, a Ninth Circuit case cited by Defendant, the court held that it is a defendant's "burden of proving that an adequate alternative forum exists." 211 F.3d at 499 n. 22. Defendant has not met this burden. As set out above in Section IV(A), two district courts and the First Circuit have already declared that the precise provisions challenged here, Zipcar's Late Fees in its Membership Agreement, cannot be challenged under Massachusetts law. *See Blay*, 716 F. Supp. 2d 115; *Reed*, 883 F. Supp. 2d 329, *aff'd* 527 Fed. App'x 20 (1st Cir. 2013). The court in *Reed* held that these claims, "no matter how well articulated, do not give rise to a claim for relief." 883 F. Supp. 2d 329. Massachusetts is not an adequate forum for this dispute because it would provide "no remedy at all." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) ("Of course, if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all … the district court may conclude that dismissal would not be in the interests of justice."). As discussed above, California has made a strong public policy statement concerning such late fee provisions through enacting § 1671, which provides that the Late Fees at issue here are presumed unlawful. Transferring this case to Massachusetts and applying Massachusetts law, as Defendant requests, would grant Defendant wholesale immunity over all claims concerning Late Fees in its Membership Agreement and violate California public policy. *See Miller*, 2012 WL 3205241, at *2-3 (finding choice of law and forum provisions

pointing to New York as unenforceable where a defendant's conduct was not illegal under New York law).

California and Ninth Circuit precedent is clear that transferring this case to Massachusetts and applying Massachusetts law would contravene strong California public policy.  In addition to waiving important California public policy enumerated by § 1671, transfer would result in the waiver of critical CLRA protections deemed unwaiveable by statute.  For example, under Massachusetts' consumer protection statute, the Massachusetts Consumer Protection Act, Mass. Gen. L. Ann. 93A § 9 (2004) ("MCPA"), Plaintiff would have no right to a trial by jury as she would under the CLRA.  *Nei v. Burley*, 388 Mass. 307, 310-15 (1983).  Further, the MCPA provides that a court "shall deny recovery of attorney's fees and costs which are incurred after the rejection of a reasonable written offer of settlement made within thirty days of the mailing or delivery of the written demand for relief."  93A § 9(4).  No such limitation to attorney's fees exists under the CLRA, where the court "shall award costs and attorney's fees to a prevailing plaintiff." § 1780(e).  *See Broughton v. Cigna Healthplans of California*, 21 Cal. 4th 1066, 1086 (1999) ("the availability of costs and attorneys fees to prevailing plaintiffs is integral to making the CLRA an effective piece of legislation, increasing the financial feasibility of bringing suits under the statute").  Further, the CLRA has a floor of $1,000 for all class action damages awards while the MCPA states nothing about damage minimums.  § 1780(a)(1).  In addition, the MCPA "does not permit … enhanced damages for the disabled and elderly citizens, in sharp contrast to CLRA." *Sawyer*, 2010 WL 5289537, at *6; § 1780(b)(1).  Specifically, if the complaining consumer is a senior citizen or disabled person, up to $5000 may be awarded for substantial physical, emotional distress, or economic damage.  § 1781(b).  Finally, class certification is mandated under certain circumstances, all of which are present here.  *Id*.  The MCPA does not mention any circumstances where class certification is mandatory.

There are many cases directly on point here.  In *Am. Online*, 90 Cal. App. 4th at 707-712, California's First District Court of Appeal invalidated AOL's forum selection clause under Section 1751.  The plaintiffs, former subscribers to AOL's Internet service, brought a class action alleging

1    AOL violated the CLRA by continuing to debit plaintiffs' credit cards for monthly fees after

2    plaintiffs terminated their subscriptions to AOL.  *Id*. at 5.  AOL moved to stay or dismiss the action

3    based on a forum selection clause providing for resolution of disputes in Virginia.  *I*d. at 6.  The

4    trial court denied AOL's motion and the Court of Appeal affirmed, holding that "enforcement of

5    AOL's forum selection clause, which is also accompanied by a choice of law provision favoring

6    Virginia, would necessitate a waiver of the statutory remedies of the CLRA, in violation of that

7    law's antiwaiver provision and California policy."  *Id*. at 15.  Of particular note, the court

8    contrasted the many ways that the Virginia Consumer Protection Act of 1977, Va. Code. Ann., §

9    59.1-196 and the CLRA differed in granting consumers remedies for found violations.  *Id*. at 710.

10   Here, Plaintiff has demonstrated that the differences between the Massachusetts Consumer

11   Protection Act and the CLRA are significant and material, such that § 1751 is violated.  *See*

12   Section IV(A), *supra*.

13          Eight years later, in *Doe 1*, the Ninth Circuit similarly found that AOL's forum selection

14   clause "contravenes a strong public policy of California – as applied to California residents who

15   brought claims under California statutory consumer law." 552 F.3d at 1083.  Relying on *Am.*

16   *Online*, the court concluded that "California public policy is violated by forcing [California

17   resident plaintiffs] to waive their rights to a class action and remedies under California consumer

18   law."  *Id*. at 1084.

19          While in both *Doe 1* and *Am. Online* the courts were dealing with scenarios where the

20   Virginia Consumer Protection Act did not allow for class actions, the lack of a class action

21   procedure is certainly not necessary to find a violation of the CLRA and California public policy

22   here.  For example, *Water*, 2008 WL 7683231, at *8-10 is on point.  There, the plaintiff argued that

23   enforcement of forum selection and choice of law provisions would violate public policy because

24   purportedly the South Carolina Unfair Trade Practices Act ("SCUTPA"), unlike the CLRA, did not

25   allow for class actions and permitted smaller recovery than the CLRA.  *Id*. at *8.  The Southern

26   District of California first found that the SCUTPA in fact *did* allow for class actions.  *Id*. at *9.

27   Still, the Court held that "enforcement of the forum selection clause would contravene a strong

28

public policy of California" because the SCUTPA did not offer remedies extensive with the CLRA. *Id*. at *10.

The same was true in *Sawyer*, 2010 WL 5289537, at *6-7, where the defendant attempted to enforce a forum selection and choice of law clause pointing to Utah even though the plaintiff alleged class claims under the CLRA.  The Central District of California held that transfer would violate a strong public policy even though the chosen forum law – the Utah Consumer Practice Act ("UCSPA") – did permit class actions.  *Id*.  The Court summarized *Am. Online* as holding that "impairment to other aggregate rights, 'apart from … injunctive and class action relief …would itself violate important California public policy.'"  *Id*. at *7 (quoting *Am. Online*, 90 Cal. App. 4th at 18).

*Miller*, 2012 WL 3205241, at *2-3 is also instructive.  There, the plaintiff brought claims against a magazine publisher under California's "Shine the Light" ("STL") law, Cal. Civ. Code § 1789.83, which contains an anti-waiver provision almost identical to § 1751.  *See* Cal. Civ. Code § 1798.84 ("Any waiver of a provision of this title is contrary to public policy and is void and unenforceable").  Defendant brought a 12(b)(3) motion to dismiss on the basis that the plaintiff was subject to a choice of forum provision pointing to the state and federal courts of New York. 2012 WL 3205241, at *2.  Plaintiff was also subject to a choice of law provision stating that New York law governed over her claims.  *Id*.  The Central District of California held that the choice of law and forum provisions functioned in tandem to violate California public policy because they would force the plaintiff to forfeit her STL claim.  *Id*. at *3.  There was no discussion of damages or class rights whatsoever.  *See also Nutracea*, 2007 WL 135699, at *1-3 (holding that a forum selection clause contravenes California public policy where it effects a waiver of California statutory rights protected by an anti-waiver provision).

Here, Defendant bears the burden to show that Plaintiff's rights under the CLRA and § 1671 will not be waived or diminished.  Defendant has failed to say even one word about the CLRA and has clearly not met this burden.  Defendant cannot meet this burden lightly, as the CLRA is considered one of the strongest consumer protection statutes in the United States.  *See*

1    *Broberg v. Guardian Life Ins. Co. of Am.*, 171 Cal. App. 4th 912, 923 (2009) ("The CLRA is a pro-

2    consumer statute that prohibits specific deceptive or unfair acts in any 'transaction intended to

3    result or which results in the sale or lease of goods or services to any consumer.'").  Civil Code §

4    1760 states that the provisions of the CLRA are to be "liberally construed and applied to promote

5    its underlying purposes, which are to protect consumers against unfair and deceptive business

6    practices and to provide efficient and economical procedures to secure such protection."  The

7    remedies available under the CLRA are "substantial."  William L. Stern, *Bus. & Prof. C. § 17200*

8    *Practice*, §§ 10:40 (Rutter Group 2011).

9          Plaintiff has set out some of the many material rights that would be waived by a transfer to

10   Massachusetts both here and in Section IV(A), *supra*.  Accordingly, the Court should find that the

11   forum selection clause is invalid and that its enforcement would be unfair and unjust.  If the Court

12   finds that the forum selection clause is invalid, it can either dismiss Defendant's motion outright, or

13   proceed with a regular § 1404(a) analysis as if no forum selection clause were present.

14          **C.    The Wholesale Waiver of CLRA and California Civil Code §**

15          **1671(d) Remedies Constitutes an Extraordinary**
             **Circumstance Justifying the Denial of Transfer under**
16          **Atlantic Marine**

17          Were this Court to find that the forum selection clause is valid, *Atl. Marine* dictates that it

18   consider public interest factors that cut against transfer in this case.  134 S. Ct. at 582.  Public

19   interest factors include (1) the local interest in the lawsuit; (2) the court's familiarity with

20   governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs

21   of resolving a dispute unrelated to this forum.  *Lueck v. Sundstrand*, 236 F.3d 1137, 1147 (9th Cir.

22   2001) (citing *Piper Aircraft*, 454 U.S. at 259-61).

23          In considering the first factor, courts look exclusively to the local forum's interest in the

24   litigation.  *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir. 2006) ("with

25   this factor, we ask only if there is an identifiable local interest in the controversy, not whether

26   another forum also has an interest").  California clearly has a significant interest in this case.  . .

27   "The Membership Agreement was signed by Bayol and members of the class in California.

28   California was also the state where Bayol and all of the thousands of members of the proposed

---

1   class reside."   Compl. ¶ 18.  Further, "Zipcar is registered with the California Secretary of State to

2   conduct business within California and conducts substantial business within California.  *Id.* ¶ 13.

3   In sum, California is where the contract was signed, where Defendant imposed the Late Fees, and

4   where consumers were injured.  As the state hosting more of Defendant's business than any other

5   state, California has an interest in deterring and regulating Defendant's present and future conduct.

6   *Id.* ¶ 18 ("Zipcar services are available in far more cities in the State of California than any other

7   state, including Massachusetts").  California also has an interest of providing an adequate forum for

8   its residents who are injured here, especially as Plaintiff will have absolutely no relief under

9   Massachusetts law and no other forum is available.  *See* § 1780(d) (providing that CLRA actions

10   may be commenced "in the county where the transaction or any substantial portion thereof

11   occurred").  Finally, California has a great interest here because Plaintiff brings claims under the

12   CLRA.  The remedies and rights provided by the CLRA are unwaiveable by statute.  If this case is

13   transferred to Massachusetts, rights that the California legislature has deemed unwaiveable will be

14   abrogated.

15       Because Plaintiff brings exclusively California statutory causes of action, this Court is also

16   much more familiar with the applicable law.  Nothing approximating § 1671(d) exists under

17   Massachusetts law and, as shown above, claims for late fees are apparently not even cognizable

18   under Massachusetts law.  Further, it is far more appropriate to burden the citizens of California

19   than those of Massachusetts concerning a controversy involving exclusively California residents

20   and contracts that were signed in this State.  As to court congestion, Defendant admits that the

21   median time interval for cases disposed at trial is longer in the District of Massachusetts than in the

22   Northern District of California.  Def's Br. at 9 (stating that the median time interval is 27.5 months

23   in this District and 30.6 months in the District of Massachusetts).  However, Defendant does not

24   accurately cite its own source.  According to the Administrative Office of the U.S. Courts, Judicial

25   Business of the U.S. Courts 2013, at Table C-5[3], the median time interval for cases disposed of at

26   trial in the Northern District of California is 24.6 months, while the median time interval in the

27

28

[3] *Available at* http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2013/appendices/C05Sep13.pdf.

District of Massachusetts is 31.7 months.  Seven months is no "immaterial" difference in time, especially to a Plaintiff that asserts that she would be unable to litigate in Massachusetts due to costs in the first place.  Compl. ¶ 16.  Finally, the last factor is irrelevant here, as this action is certainly related to this forum.

## V.  CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's motion.

Dated:  August 15, 2014

**BURSOR & FISHER, P.A.**

By:    */s/ L. Timothy Fisher*
         L. Timothy Fisher

Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: scott@bursor.com
       ltfisher@bursor.com
       apersinger@bursor.com
       ykrivoshey@bursor.com

*Attorneys for Plaintiff*