UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIELA BAYOL,

    Plaintiff,

    v.

ZIPCAR, INC.,

    Defendant.

Case No. 14-cv-02483-TEH

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

This matter is set for hearing on October 6, 2014. Having considered the parties' arguments in the papers submitted, the Court now DENIES Defendant's motion without oral argument, pursuant to Civ. L.R. 7-1(b).

**BACKGROUND**

This is a putative class action challenging Zipcar's late fee policies. Plaintiffs claim that Zipcar's fees are illegal liquidated damages provisions under California's consumer protection laws, and seek remedies under the Consumers Legal Remedies Act (CLRA), sections 1750 to 1784 of the California Civil Code. In this motion, Zipcar seeks to enforce the forum selection clause in its Membership Agreement, which provides "All disputes hereunder shall be resolved solely in the applicable state or federal courts of Massachusetts." Zipcar-Bayol Membership Agreement at ¶ 9-5, Ex. 1 to Mot. (Docket No. 17-1). The Membership Agreement also includes a choice of law clause, which provides "This Contract is governed by the laws in force in the Commonwealth of Massachusetts and shall be interpreted according to the internal laws of such Commonwealth, without reference to its conflicts of laws or choice of law rules." *Id.*

//

//

//

United States District Court
Northern District of California

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). District courts generally have broad discretion in deciding a motion to transfer under § 1404(a). *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause . . . . [A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co., Inc. v. United States Dist. Court*, 134 S.Ct. 568, 581 (2013) (internal quotations and alterations removed).

Because *Atlantic Marine*'s rule only applies in the context of a valid forum selection clause, district courts "must consider arguments that the clause is invalid." *Russel v. De Los Suenos*, 2014 WL 1028882 at *6 (S.D. Cal. Mar. 17, 2014). "A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)). However, "a forum selection clause is unenforceable 'if enforcement would contravene a strong public policy of the forum in which suit is brought . . . .'" *Doe 1*, 552 F.3d at 1083 (quoting *Bremen*, 407 U.S. at 15).

**DISCUSSION**

Zipcar brings this motion under 28 U.S.C. § 1404(a), which allows district courts to transfer venue "[f]or the convenience of parties and witnesses" and "in the interest of justice." The Supreme Court recently concluded that, where there is a valid forum-selection clause in the contract between the parties, "the interest of justice" is best served by giving effect to the parties' bargain. *Atl. Marine*, 134 S.Ct. at 581. Therefore, "a valid

1 forum-selection clause should be given controlling weight in all but the most exceptional
2 cases." *Id.* (internal quotations and alterations removed).

However, the Supreme Court recognized that "[its] analysis presupposes a contractually valid forum-selection clause." *Id.* at n.5. In the Ninth Circuit, "A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1*, 552 F.3d at 1083. However, "a forum selection clause is unenforceable 'if enforcement would contravene a strong public policy of the forum in which suit is brought . . . .'" *Id.*

**I. The Court Can Consider the Effect of the Choice of Law Clause**

Before turning to the enforceability of the forum selection clause, the Court must decide the threshold question of whether it can and should consider the likely effect of the Membership Agreement's choice of law clause. If the Court cannot or should not consider the choice of law clause at this time, as Zipcar argues, then it cannot determine whether enforcement of the forum selection clause would contravene California policy – the questions would be independent, because in theory, Plaintiffs could bring their California claims in federal court in Massachusetts. However, if the Court can and should consider the choice of law clause now, the questions become inseparably entwined – if transferring venue would also likely lead to the application of Massachusetts law, there would be a greater chance that enforcement of the forum selection clause will contravene California policy.

It is clear that the Court *can* consider the combined effect of forum selection and choice of law clauses. Although the issue was not central to the case, the Supreme Court commented in an international antitrust dispute that, "in the event the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies for antitrust violations, we would have little hesitation in condemning the agreement as against public policy." *Mitsubishi Motors Corp. v. Soler*

3

1  *Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (1985). More recently, and more closely
2  on point for the current case, the Ninth Circuit held that a forum selection clause was
3  invalid where, "together with the choice of law provision, [it would] effect a waiver of
4  statutory remedies provided by the CLRA." *Doe 1*, 552 F.3d at 1084 (following *America
5  Online, Inc. v. Mendoza*, 108 Cal. Rptr. 2d 699, 710 (2001)); *see also Perry v. AT&T
6  Mobility LLC*, No. 11-cv-01488-SI, 2011 WL 4080625 at *4 n.4 (N.D. Cal. Sept. 12, 2011)
7  ("Defendants argue that the Court may not consider the choice of law clause, but they do
8  not discuss the Supreme Court and Ninth Circuit law that clearly permits the Court to do
9  so.").

10  Regardless of whether they *may* consider the effect of a choice of law clause, courts
11  in this district have taken differing approaches to the question of whether they *should*
12  consider that effect. Some courts have found that the "strong public policy" at issue
13  should specifically relate to venue, and that considering how another court will resolve a
14  choice of law question calls for inappropriate speculation. *E.g.*, *East Bay Women's Health,
15  Inc. v. gloStream, Inc.*, No. 14-cv-00712-WHA, 2014 WL 1618382 at *3 (N.D. Cal.
16  Apr. 21, 2014) ("[P]laintiffs are burdened to show a fundamental public policy underlying
17  California's Unfair Competition Act that relates to venue because the instant motion seeks
18  a forum-selection determination, rather than a choice-of-law determination."); *Voicemail
19  Club, Inc. v. Enhanced Services Billing, Inc.*, No. 12-cv-02189-SI, 2012 WL 4837697 at
20  *4 (N.D. Cal. Oct. 10, 2012) ("[B]ecause plaintiff improperly speculates as to how the
21  transferee forum would ultimately resolve the issue of what substantive law should be
22  applied to plaintiff's claims, plaintiff fails to demonstrate how transfer of this case would
23  contravene [a] public policy . . . relate[d] specifically to venue."); *Besag v. Custom
24  Decorators, Inc.*, No. 08-cv-05463-JSW, 2009 WL 330934 at *4 (N.D. Cal. Nov. 4, 2010)
25  ("[A] party challenging enforcement of a forum selection clause may not base its challenge
26  on choice of law analysis . . . . [Such challenges] are problematic because they require
27  courts to speculate as to the potential outcome of the litigation.") (quotations omitted).
28

1 In another case, however, a court in this district found that "the enforceability of the
2 forum selection clause cannot be divorced from the choice of law question," because the
3 basis of the claim concerned an unwaivable California right for which the transferee forum
4 was inadequate. *Perry*, 2011 WL 4080625 at *4-5. Although "[a]s a general matter,
5 California courts will enforce adequate forum selection clauses that apply to non-waivable
6 statutory claims," "if the forum is not adequate, a forum selection clause that applies to a
7 non-waivable statutory claim may, in fact, improperly compel the claimant to forfeit his or
8 her statutory rights." *Id.*

9 The split between these decisions is best explained by looking to whether the right
10 at issue was waivable, and where it was not, by further evaluating the likelihood that the
11 unwaivable right would be upheld in the transferee forum. In *East Bay Women's Health*,
12 for instance, the court was willing to transfer because the Unfair Competition Law claims
13 at issue were waivable, unlike the CLRA claims in *Doe 1*. 2014 WL 1618382 at *2 (the
14 CLRA "explicitly forbids the waiver of its protections," unlike the UCL). Similarly in
15 *Voicemail Club*, the court distinguished *Doe 1* by pointing to the fact that, in the prior case,
16 "the California Court of Appeal specifically found that enforcement of an identical forum
17 selection clause would violate California's strong public policy in favor of allowing class
18 actions and against waiver of protections provided under the CLRA," but those provisions
19 were not at issue in *Voicemail Club* itself. 2012 WL 4837697 at *3. *See also Perry*, 2011
20 WL 4080625 at *4-5.

21 The Court finds both that certain of the rights at issue here are unwaivable, and that
22 a federal court in Massachusetts would likely not enforce these unwaivable rights. As is
23 discussed in more detail below, Plaintiffs invoke various remedial provisions of the CLRA,
24 and the CLRA includes a specific anti-waiver provision – the same anti-waiver provision
25 at issue in *Doe I*. *See* 552 F.3d at 1084. The fact that CLRA remedies are at stake is an
26 especially powerful consideration, given the Ninth Circuit's clear holding in *Doe 1* that a
27 choice of law clause cannot waive the unwaivable rights provided by the CLRA. *Id.* And
28 while Zipcar argues that Massachusetts law, if applied, would adequately replace the

5

CLRA, it does not dispute that the CLRA would apply to this case if it remained in California.

While Plaintiffs may be free to argue for the application of California state law in Massachusetts federal court, there is good reason to conclude that such an argument would be futile. It is true that, in *Doe 1*, the forum selection clause was interpreted to require the dispute to be heard in Virginia *state* court, which the Ninth Circuit, relying on the California Court of Appeal, found to be an especially inadequate venue for a dispute to which the CLRA remedies applied. 552 F.3d at 1082-83. Here, Zipcar is seeking to transfer to federal court, rather than state court. However, the Supreme Court recently held that, where a case is transferred to a new federal district court pursuant to a valid forum selection clause, the choice of law rules of the transferee venue control. *Atl. Marine*, 134 S.Ct. at 582-83. Federal courts in the First Circuit are free to enforce contractual choice of law clauses without independent analysis. *Borden v. Paul Revere Life Ins. Co.*, 935 F.2d 370, 375 (1st Cir. 1991). "Indeed, absent exceptional circumstances or a manifest public policy conflict, Massachusetts courts honor contractual choice-of-law provisions." *ePresence, Inc. v. Evolve Software, Inc.*, 190 F. Supp. 2d 159, 162 (D. Mass. 2002).

Zipcar urges this Court not to speculate as to the outcome of a District of Massachusetts court's choice of law analysis, but gives no reason to think that such an analysis would result in the application of California law. Considering the First Circuit law identified by Plaintiffs, the Court concludes that the District of Massachusetts would be unlikely to apply California state law, including the unwaivable provisions of the CLRA. As a result, the Court will consider the likely application of Massachusetts law in determining whether enforcement of the forum-selection clause would contravene a strong California public policy.

**II. Enforcement of the Forum-Selection Clause Would Contravene California Policy**

Under *Bremen,* a forum selection clause is invalid "if enforcement would contravene a strong public policy of the forum in which suit is brought." 407 U.S. at 15.

6

Enforcement of a forum selection clause "contravene[s] a strong public policy" of a forum state, requiring invalidation of the clause, where enforcement would result in the waiver of an unwaivable right. *Doe 1*, 552 F.3d at 1084. In *Doe 1*, the Ninth Circuit found that enforcement of AOL's forum-selection clause would place the case in Virginia state court, and that, once there, plaintiffs would be unable to invoke the protections of the class action mechanism or the CLRA, which provided for higher remedies and a longer statute of limitations than the comparable Virginia statute. *Id.* As already noted, the CLRA has an anti-waiver provision, which reads "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void." *Id.* (quoting Cal. Civ. Code § 1751). Relying on a California state court decision in a related case, the Ninth Circuit concluded that the forum selection and choice of law clauses, when put together, "effect a waiver of statutory remedies provided by the CLRA in violation of the anti-waiver provision, as well as California's 'strong public policy' to 'protect consumers against unfair and deceptive business practices.'" *Doe 1*, 552 F.3d at 1084 (quoting *America Online*, 108 Cal. Rptr. 2d at 710). Two of the panel members made their reasoning crystal clear: "Any purported waiver of the rights of a California consumer is unenforceable." *Doe 1*, 552 F.3d at 1085 (Nelson and Reinhardt, JJ., concurring).

    Here, Plaintiffs identify multiple California policies that would be undermined by the transfer to the District of Massachusetts and application of Massachusetts law. Opp'n at 12 (Docket No. 22). They would lose the protection of California Civil Code section 1671, which protects consumers against liquidated damages clauses and forms the basis of their claim. Further, Plaintiffs may lose their right to a trial by jury, a right that California provides in cases such as this. *Compare* Cal. Const. art. I, § 16, *with Frappier v. Countrywide Home Loans, Inc.*, 750 F.3d 91, 97-98 (1st Cir. 2014), *and Nei v. Burley*, 388 Mass. 307, 310-15 (1983). Massachusetts law contains restrictions on attorney's fees that are not present in the CLRA. *Compare* Cal. Civ. Code § 1780(e), *with* Mass. Gen. Laws ch. 93A, § 9(4). The CLRA also has a damages floor that is absent from the Massachusetts law. *Compare* Cal. Civ. Code §§ 1780(a)(1), *with* Mass. Gen. Laws ch. 93A. Finally,

7

1  while class certification is mandatory under the CLRA in certain circumstances, there is no
2  such mandatory class certification under the Massachusetts law. *Compare* Cal. Civ. Code
3  § 1781(b), *with* Mass. Gen. Laws ch. 93A.

4      Zipcar argues that Massachusetts law provides greater consumer protections than
5  the CLRA in certain respects, and therefore Plaintiffs here would not be worse off by a
6  transfer of venue. Zipcar's argument is unconvincing, for two reasons. First, as already
7  noted, if the case were transferred to Massachusetts, Plaintiffs would likely be giving up
8  the liquidated damages provision that forms the basis of their claim; this is not an
9  insignificant procedural provision, but a substantive consumer protection in California law.
10 Second, even if consumers in general are better off under Massachusetts' laws, that does
11 not change the fact that the application of such laws to the plaintiffs in this case would
12 effect the waiver of California's unwaivable consumer remedies. Plaintiffs should not be
13 subject to this Court's paternalistic determination that they would be fine under the
14 protections of another state; rather, they are entitled to the specific protections provided by
15 the legislature and courts of California.

16     The Court finds that enforcement of the forum selection clause would contravene
17 California's strong public policies, namely, the consumer protections and remedies of the
18 CLRA. Plaintiffs have met their "heavy burden" under *Bremen* of showing that the forum
19 selection clause is unenforceable.

20

21 **CONCLUSION**

22     For the reasons already stated, the Court finds that the forum selection clause of the
23 Membership Agreement, taken together with the choice of law clause and the choice of
24 law rules of the District of Massachusetts, is unenforceable against the Plaintiffs in this
25 case. Zipcar's motion to transfer is DENIED.
26 //
27 //
28 //

1   **IT IS SO ORDERED.**

3   Dated: 09/25/2014

_____
THELTON E. HENDERSON
United States District Judge