COOLEY LLP
WILLIAM P. DONOVAN, JR. (155881)
(wdonovan@cooley.com)
JOSEPH B. WOODRING (272940)
(jwoodring@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:    (310) 883-6400
Facsimile:     (310) 883-6500

MATTHEW D. CAPLAN (260388)
(mcaplan@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
ZIPCAR, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GABRIELA BAYOL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZIPCAR, INC.,<br><br>Defendant. | Case No.  3:14-cv-02483-TEH<br><br>**ZIPCAR, INC.'S NOTICE OF MOTION, AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 12, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Hon. Thelton E. Henderson |

TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION AND MOTION ....................................................................................... 1
I.     Introduction .......................................................................................................................... 3
II.    Statement of Issues to Be Decided ...................................................................................... 4
III.   Summary of Allegations ...................................................................................................... 4
IV.   Ms. Bayol Fails to State a Claim Against Zipcar ................................................................ 6
    A.    Ms. Bayol Does Not State a Claim Under Civil Code Section 1671 ............................ 7
    B.    Ms. Bayol Cannot Maintain a Claim Under the CLRA .................................................. 9
        1.    Zipcar Did Not Deceive Ms. Bayol ............................................................................ 9
        2.    The Late Fees Are Not Unconscionable ..................................................................... 9
        3.    The Late Fees Are Not Prohibited By Law .............................................................. 11
        4.    Ms. Bayol Cannot Base a CLRA Claim on Zipcar's Conduct After She Entered into the Agreement ................................................................................................. 11
        5.    Ms. Bayol Does Not Allege that She Is a Consumer ............................................... 12
    C.    Ms. Bayol Cannot State a Claim Under the UCL ........................................................ 12
        1.    The Late Fees Are Not Unlawful .............................................................................. 12
        2.    The Late Fees Are Not Unfair ................................................................................... 13
V.    Conclusion ......................................................................................................................... 14

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Albrecht v. Lund*,
　845 F.2d 193 (9th Cir. 1988) ................................................................................................... 7

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................ 6, 9

*Augustine v. FIA Card Servs., N.A.*,
　485 F. Supp. 2d 1172 (E.D. Cal. 2007) .................................................................................. 9

*Baba v. Hewlett-Packard Co.*,
　2011 WL 317650 (N.D. Cal., Jan. 28, 2011) .................................................................. 11, 12

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544, 127 S. Ct. 1955 (2007) .................................................................................... 6

*Berryman v. Merit Property Mgmt., Inc.*,
　152 Cal. App. 4th 1544 (2007) ............................................................................................. 13

*Chodos v. West Publ'g Co.*,
　292 F.3d 992 (9th Cir.2002) ................................................................................................... 7

*Daugherty v. Am. Honda Motor Co.*,
　144 Cal. App. 4th 824 (2006) ............................................................................................... 13

*De La Cruz v. Tormey*,
　582 F.2d 45 (9th Cir. 1978) .................................................................................................... 7

*Lazar v. Hertz Corp.*,
　69 Cal. App. 4th 1494 (1999) ......................................................................................... 12, 13

*Lazarreschi Investment Co. v. San Francisco Fed. Savings & Loan Assn.*,
　22 Cal. App. 3d 303 (1971) .................................................................................................. 13

*Lee v. City of Los Angeles*,
　250 F.3d 668 (9th Cir. 2001) .................................................................................................. 6

*Morris v. Redwood Empire Bancorp*,
　128 Cal. App. 4th 1305 (2005) .......................................................................... 9, 10, 11, 13

*Ruwe v. Cellco P'ship*,
　613 F. Supp. 2d 1191 (N.D. Cal. 2009) ................................................................................. 7

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
　806 F.2d 1393 (9th Cir. 1986) ................................................................................................ 7

*Shin v. BMW of N. Am.*,
  2009 WL 2163509 (C.D. Cal. July 16, 2009) .................................................................................. 12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ........................................................................................................................ 6

*U.S. v. Ritchie*,
  342 F.3d 903 (2003) .................................................................................................................... 6, 7

*Utility Consumers' Action Network, Inc. v. AT&T Broadband of Southern Cal., Inc.*,
  135 Cal. App. 4th 1023 (2006) .................................................................................... 7, 8, 11, 13

*Walter v. Hughes Communications, Inc.*,
  682 F. Supp. 2d 1031 (N.D. Cal. 2010) ............................................................................... *passim*

**Statutes**

Business and Professions Code § 17200 .............................................................................................. 1

Cal. Civ. Code,
  § 1670.5 .................................................................................................................................. 12, 13
  § 1671 ............................................................................................................................... *passim*
  § 1770 ................................................................................................................... 1, 9, 11, 12

**Other Authorities**

Federal Rule of Civil Procedure 12 ....................................................................................................... 1

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

CASE NO. 3:14-CV-02483-TEH
ZIPCAR'S MOTION TO DISMISS

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 12, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Zipcar, Inc. ("Zipcar") will and hereby does move this Court to dismiss plaintiff Gabriela Bayol's Complaint in its entirey, without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is brought on the grounds that Ms. Bayol cannot state a claim for relief against Zipcar. In particular, Ms. Bayol cannot state a claim under California Civil Code section 1671 because the late fees are not liquidated damages. Ms. Bayol's Consumers Legal Remedies Act (the "CLRA") claims brought under California Civil Code sections 1770(a)(14) and (19) fail because the late fees Ms. Bayol incurred are neither unlawful nor unconscionable. Similarly, Ms. Bayol cannot pursue claims under California's unfair competition law, Business and Professions Code section 17200 (the "UCL"), because she has not stated a predicate statutory violation which is necessary to support a claim of unlawfulness, she does not allege facts which could support a finding of unfairness, and she does not attempt to state a claim under the fraud prong.[1] Accordingly, Zipcar respectfully requests that the Court dismiss Ms. Bayol's Complaint with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Zipcar does not concede that California law applies to Ms. Bayol's claims, but analyzes her claims under California law based on the Court's September 25, 2014 Order on Zipcar's motion to transfer, and because, in any event, Ms. Bayol has not stated a claim under California law. Zipcar reserves all of its rights with respect to the choice of law and venue issues presented by this case.

1  This motion is based on this notice, the memorandum of points and authorities below, the
2  request for judicial notice below, the files, records, and pleadings already on file in this action,
3  and such other and further papers and arguments as may be submitted to the Court.

Dated: October 24, 2014                          COOLEY LLP
                                                 WILLIAM P. DONOVAN, JR. (155881)
                                                 JOSEPH B. WOODRING (272940)
                                                 MATTHEW D. CAPLAN (260388)


                                                 */s/ William P. Donovan, Jr.*
                                                 _____
                                                         William P. Donovan, Jr. (155881)

                                                 Attorneys for Defendant ZIPCAR, INC.

## I. INTRODUCTION

Ms. Bayol's claims against Zipcar under the CLRA, the UCL, and California Civil Code section 1671 fail because the challenged late fees are not unlawful or unconscionable. Ms. Bayol would like the Court to conclude that Zipcar's late fees are impermissible, but Ms. Bayol does not allege any *facts* that if proven would support such a finding. Instead, the Complaint repeats the conclusory and ultimately hollow assertion that the fees are unconscionable, while the factual admissions in (and omissions from) the Complaint actually dictate a contrary conclusion.

Ms. Bayol concedes that the challenged late fees were fully disclosed in her Zipcar Membership Agreement (the "Agreement"). Indeed, Ms. Bayol expressly admits not only that she voluntarily chose to sign up for Zipcar service, but also that she rented cars "subject to" the Agreement. Critically, Ms. Bayol does not contend either the existence or the amount of the fees at issue were hidden from her in the Agreement. Ms. Bayol also further admits through her silence that she actually returned her Zipcar late in violation of the Agreement—breaking her promise to Zipcar and fellow Zipcar members that she would. Despite all this, Ms. Bayol still attempts to assert claims based on the late fees against Zipcar on behalf of herself and a putative class of other people who, like Ms. Bayol, admittedly did not honor their obligations. In other words, this putative class action is designed not only to pick-and-choose which part of the Agreement members are bound to follow, but also victimize conscientious Zipcar members who play by the rules and Zipcar itself.

Zipcar is not only entitled to charge late fees under these circumstances based on the plain language of the Agreement —which Ms. Bayol does not contest—but Zipcar needs to charge late fees to cover the additional costs associated with late returns, and for the extra, unplanned use of the vehicle by the member. Zipcar's car sharing platform is premised on its members' ability to have quick and easy self-service access to Zipcar vehicles in reserved parking spaces at designated locations. In order for the system to work properly, Zipcar members must return their vehicles to the appropriate location by the end of their requested rental period so that the vehicle is ready and available for use by another Zipcar member. If members do not return their vehicles on time, it not only harms other Zipcar members who were counting on the vehicles' availability,

but Zipcar as well because Zipcar must accommodate the members who are without a vehicles because someone, like Ms. Bayol, did not return the vehicle as promised; a benefit Ms. Bayol would also enjoy if a Zipcar she reserved was returned late.

Under these circumstances, Ms. Bayol cannot state a claim against Zipcar based on the late fees: (1) Ms. Bayol's first claim for violation of California Civil Code section 1671 should be dismissed because the late fees are not liquidated damages; (2) Ms. Bayol's CLRA claims fail because Zipcar fully disclosed the late fees, the fees do not shock the conscience, she was not surprised by the fees, the fees vary depending on how late a vehicle is returned, and because she does not claim to be a consumer within the meaning of the CLRA; and (3) the UCL claims should be dismissed because she has not stated a predicate statutory violation which is required to support a claim of unlawfulness, and because she, and only she, could have avoided the late fees which fully undermines the unfairness claim. Accordingly, for the reasons discussed herein, the Court should dismiss Ms. Bayol's Complaint with prejudice.

## II.     STATEMENT OF ISSUES TO BE DECIDED

(1) Whether Ms. Bayol states a claim for relief against Zipcar under California Civil Code section 1671.

(2) Whether Ms. Bayol states a claim for relief against Zipcar under the CLRA.

(3) Whether Ms. Bayol states a claim for relief against Zipcar under the unlawfulness prong of the UCL.

(4) Whether Ms. Bayol states a claim for relief against Zipcar under the unfairness prong of the UCL.

## III.    SUMMARY OF ALLEGATIONS

Zipcar is a car sharing service that, unlike traditional car rental companies, "provides its customers with self-service vehicles…that may be reserved by the hour….Gas, insurance, and other costs associated with car ownership are included in the reservation costs. To use Zipcar's car rental services, Zipcar requires that potential customers first become Zipcar 'members,' by creating an account with Zipcar and signing a Membership Agreement." Complaint at ¶¶ 19-20.

"The Membership Agreement has at all times relevant hereto included a 'Fee Policy' provision which provides for the imposition of Late Fees. The Fee Policy provides: Returning a vehicle late (in addition to the per hour fee for use of the vehicle): $50 ($35 CAD) per late hour or any part thereof, up to a maximum of $150 ($105 CAD) per late return." *Id.* at ¶ 22.

As explained on Zipcar's website, and incorporated into the Agreement: "Timely returns are really important in the world of car sharing. If someone returns a car late, then the next member can't start their reservation on time. We'll have to find them another car, and sometimes we'll even have to put them in a taxi to get to it. So you can see why we need to have late fees. We're not trying to be mean, we're just trying to make sure that members get their cars when they need them." Declaration of Matthew D. Caplan ("Caplan Dec."), Exh. B.[2] Zipcar even provides its members with "a few tips to help avoid late return fees:

- Sign up for Zipcar Text Alerts. We'll send you reminders about your reservation, and also let you know if you can extend your trip.
- When you reserve your car, make sure you allow enough time for your entire trip. Think about travel time (there and back) and the amount of time you'll spend at your destination. Go ahead and book a little extra if you're not sure.
- Leave your destination on time. If it took you an hour to get there, most likely it's going to take you an hour to get back. Allow some cushion for traffic delays too.
- If at any time during your reservation you realize that you won't be able to get the Zipcar back on time, you can always try to extend your reservation from your smartphone or call 1‑866‑4ZIPCAR. If there's not another reservation immediately after yours, you can extend. If someone is waiting for the car, we will need to make other arrangements for them, so please call us as soon as you can." *Id.*

---

[2] Zipcar respectfully requests that the Court consider the "rules, guidelines or policies" located on Zipcar's website in ruling on this motion to dismiss. The Agreement is incorporated by reference into the complaint, and the Agreement includes "[a]ll the rules, guidelines or policies of Zipcar related to a Member's use of the Zipcar service, whether set forth in this Contract, appearing elsewhere on Zipcar's websites or otherwise issued from time to time by Zipcar." Caplan Dec., Exh. A at § 1(e). Alternatively, Zipcar respectfully requests that the Court take judicial notice of the contents of its website.

1   Ms. Bayol claims to be "a Zipcar member subject to the Membership Agreement" who
2   has paid some amount of late fees to Zipcar as a result of returning a rented vehicle after she
3   promised she would. Complaint at ¶¶ 21-22. Ms. Bayol's Agreement is incorporated into the
4   Complaint, and a true and correct copy is attached to the Caplan Dec. as Exhibit A. *See also* Dkt.
5   No 17-1. Importantly, Ms. Bayol does not allege that the late fees were not disclosed by Zipcar,
6   that Zipcar concealed the late fees in any way, that she was surprised by the late fees, that she did
7   not know she could incur the late fees, that she did not know the amount of the late fees, or that
8   she was unaware of the late fees when she entered into the Agreement. *See generally* Complaint.
9   Despite this, Ms. Bayol attempts to assert claims against Zipcar for violations of the
10  CLRA, the UCL, and Civil Code section 1671(d). Zipcar now moves to dismiss Ms. Bayol's
11  Complaint in its entirety without leave to amend because she cannot state a claim against Zipcar
12  based on the late fees disclosed in the Agreement.

13  **IV.   MS. BAYOL FAILS TO STATE A CLAIM AGAINST ZIPCAR**

14  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
15  accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial
16  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
17  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.
18  662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955
19  (2007)). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me
20  accusation." *Id.*

21  "Determining whether a complaint states a plausible claim for relief" is "a context-
22  specific task that requires the reviewing court to draw on its judicial experience and common
23  sense." *Iqbal*, 556 U.S. at 679. To determine whether a complaint states a claim, a court can
24  consider the contents of the complaint, exhibits to the complaint, documents incorporated into the
25  complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor
26  Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688
27  (9th Cir. 2001); *U.S. v. Ritchie*, 342 F.3d 903, 908 (2003). The Agreement and the relevant
28  portions of Zipcar's website may be considered in ruling on this motion because they are

1  incorporated by reference into the Complaint as Ms. Bayol relies on the Agreement to make her
2  claims.  *Id.*  Dismissal with prejudice is proper if no facts consistent with the original pleading
3  could cure the flaws.  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401
4  (9th Cir. 1986).

5  In short, the Court must dismiss Ms. Bayol's claims against Zipcar if the allegations do
6  not show that Ms. Bayol is entitled to some form of legal relief.  *Albrecht v. Lund*, 845 F.2d 193,
7  195-96 (9th Cir. 1988); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  Here, dismissal
8  with prejudice is appropriate because Ms. Bayol's admissions demonstrate that the flaws in her
9  claims cannot be cured through amendment.

### A. Ms. Bayol Does Not State a Claim Under Civil Code Section 1671

"In order to maintain a Section 1671 claim, Plaintiffs must allege sufficient facts demonstrating that the [challenged] fee constitutes liquidated damages. California courts define liquidated damages as 'an amount of compensation to be paid in the event of a breach of contract, the sum of which is fixed and certain by agreement.' *Chodos v. West Publ'g Co.,* 292 F.3d 992, 1002 (9th Cir.2002).  Thus, to constitute liquidated damages, the contractual provision must: (1) arise from a breach, and (2) provide a fixed and certain sum." *Ruwe v. Cellco P'ship*, 613 F. Supp. 2d 1191, 1196 (N.D. Cal. 2009); *see also Walter v. Hughes Communications, Inc.*, 682 F. Supp. 2d 1031, 1046 (N.D. Cal. 2010) (dismissing claims premised on a violation of section 1671 as the fees at issue were not liquidated damages because the fees varied from customer to customer and incident to incident).  Additionally, in the event the Court determines that Ms. Bayol has sufficiently alleged that the late fees could be liquidated damages, there is "a two-part test for determining whether a liquidated damages provision [i]s valid.  The first tracks the statutory language: fixing the amount of actual damages had to be impracticable or extremely difficult.  The second is a judicially-crafted requirement: the amount selected must represent a reasonable endeavor by the parties to estimate fair compensation for the loss sustained." *Utility Consumers' Action Network, Inc. v. AT&T Broadband of Southern Cal., Inc.*, 135 Cal. App. 4th 1023, 1029 (2006) (quotations omitted).  Here, Ms. Bayol's claim fails because the late fees at issue are not liquidated damages, and because Ms. Bayol has not alleged facts that could support

1  a finding that the amount of the fees does not represent a reasonable estimate of the loss sustained.

2  Courts have determined that fees that vary based on timing—i.e. fees that could increase or decrease over time—are not liquidated damages under section 1671. *Walter*, 682 F. Supp. 2d at 1046. The *Walter* Court dismissed claims based on section 1671 because the fee at issue was "a function of when [a plaintiff's] account is terminated," the fee could vary, and the fee was capped at $700. *Id.* Similarly, here, the fees at issue operate on a sliding scale based on how late the car is returned, and the fee is capped at a maximum far less than the $700 maximum that was approved in *Walter*. Just like in *Walter*, "[t]his belies Plaintiff['s] conclusory claim that the termination fee was a fixed sum," and, therefore, liquidated damages. *Id.*

Additionally, Ms. Bayol does not sufficiently allege that the late fees do not represent an estimate of fair compensation for the loss sustained. *Utility Consumers' Action Network, Inc.*, 135 Cal. App. 4th at 1029. First, "mutual negotiation is not required" in order for a liquidated damages provision to be upheld. *Id.* at 1029, 1035-38 (noting that "the use of a form contract can satisfy the reasonable endeavor requirement"). Second, courts must look at the parties' entire agreement—the scope, purpose, and subject matter—and should consider the result of a breach and the reasonableness of the sums agreed to be paid in deciding whether the reasonable endeavor test is satisfied. *Id.* at 1034, 1038 (affirming decision to uphold a fee provision noting that "[r]equiring a large enterprise to negotiate the terms of a late fee provision with thousands or hundreds of thousands of potential customers would effectively make it impossible to provide for late fees, even when they are warranted by the impracticability of determining damages and even when the amount selected by the business was designed to do no more than cover its damages and bore the proper relationship to the amount of such damages. We refuse to endorse such an interpretation of the reasonable endeavor requirement.")

This Court should follow that logic, and dismiss Ms. Bayol's claim. The fee at issue represents the cost of the use of the vehicle beyond the agreed upon time, and the costs incurred by Zipcar associated with having to provide for other Zipcar members who were planning on using late returned car. Ms. Bayol alleges no facts which undermine these conclusions. Her only allegation is a bald recitation of the elements under the statute, devoid of any actual facts.

Complaint, ¶ 38. This is the definition of insufficient pleading. *Iqbal*, 556 U.S. at 678. Consequently, the Court should dismiss Ms. Bayol's first cause of action for violation of California Civil Code section 1671(d).

### B. Ms. Bayol Cannot Maintain a Claim Under the CLRA

#### 1. Zipcar Did Not Deceive Ms. Bayol

In the second cause of action for violations of the CLRA, Ms. Bayol alleges that "Zipcar has engaged in deceptive practices, unlawful methods of competition and/or unfair acts" in violation of Civil Code sections 1770(a)(14) and 1770(a)(19) by including the late fee provision in the Agreement, and charging late fees as set forth in the Agreement. Complaint, ¶¶ 42-43. A plaintiff, however, cannot maintain a claim under the CLRA based on unfair or deceptive acts if the allegedly unfair or deceptive practice was disclosed to the plaintiff. *Augustine v. FIA Card Servs., N.A.*, 485 F. Supp. 2d 1172, 1174 (E.D. Cal. 2007) (granting motion to dismiss a CLRA claim because "Defendant's practice of retroactively increasing the interest rates charged to cardholders" did not constitute a violation of the CLRA as the practice was "disclosed in the contractual agreement.") Here, Ms. Bayol admits that the Agreement set forth the amount of the late fees, and the circumstances in which she would be charged a late fee. Complaint, ¶ 22. Accordingly, Ms. Bayol cannot pursue a claim against Zipcar premised on deceptive or unfair acts under the CLRA. *Augustine*, 485 F. Supp. 2d at 1174.

#### 2. The Late Fees Are Not Unconscionable

Ms. Bayol also claims she is entitled to relief under the CLRA because the late fees are unconscionable. Complaint, ¶ 43; Cal. Civil Code § 1770(a)(19). This claim is insufficiently pled. The Court may assess unconscionability at the pleading stage, and, in this case, that analysis reveals that the late fees at issue are not unconscionable. *See Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1310-11 (2005) (affirming trial court's decision to sustain demurrer on unconscionability grounds);[3] *see also Walter*, 682 F. Supp. 2d at 1046-47. Under California law, a contract provision is unconscionable only if it is both procedurally and

---

[3] Some defendants in *Morris* were granted leave to address the unconscionability issue.

1  substantively unconscionable. *Morris*, 128 Cal. App. 4th at 1316-24. "Procedural

2  unconscionability concerns the manner in which the contract was negotiated and the

3  circumstances of the parties at that time. It focuses on factors of oppression and surprise." *Id.* at

4  1319 (citations and quotations omitted). And, a "provision is substantively unconscionable if it

5  involves contract terms that are so one-sided as to shock the conscience, or that impose harsh or

6  oppressive terms." *Id.* at 1322 (quotations omitted). The Agreement is not procedurally

7  unconscionable, and the late fees are not substantively unconscionable.

8      Factors to be considered in determining whether a contract is procedurally unconscionable

9  include whether a contract is one of adhesion, whether the consumer has "reasonable market

10  alternatives," and whether there is an element of "surprise" associated with the challenged

11  provision. *Id*. at 1319-22. A contract is not procedurally unconscionable if the consumer has the

12  ability to seek other arrangements, and is not "under immediate pressure" to find an alternative.

13  *Id.* at 1320. As Ms. Bayol makes no allegations that she could not seek an alternative to Zipcar's

14  services, or that she was under any time pressure to find a rental, the Agreement is not

15  procedurally unconscionable. *Id.* With respect "to the procedural element of 'surprise.'…

16  Procedural surprise focuses on whether the challenged term is hidden in a prolix printed form or

17  is otherwise beyond the reasonable expectation of the weaker party." *Id.* at 1321. Here, just like

18  in *Morris*, in which the California Court of Appeal determined a contract was not procedurally

19  unconscionable, the Complaint "contains no allegations that [plaintiff] was unaware of the fee

20  when [s]he executed the [membership] agreement, or that its terms were misrepresented to [her]."

21  *Id.* Accordingly, the Agreement is not procedurally unconscionable.

22      The late fee provision is also not substantively unconscionable. Substantive

23  unconscionability is "not synonymous with 'unreasonable.' Basing an unconscionability

24  determination on the reasonableness of a contract provision would inject an inappropriate level of

25  judicial subjectivity into the analysis." *Id.* at 1322. Thus, "it is important that courts not be thrust

26  in the paternalistic role of intervening to change contractual terms that the parties have agreed to

27  merely because the court believes the terms are unreasonable. The terms must shock the

28  conscience." *Id.* at 1322-23 (quotations omitted). "The 'shock the conscience' standard is a high

one," and in order to support a finding of substantive unconscionability, a plaintiff should include allegations that the challenged "fee is grossly out of line with fees charged by other[s]," the costs incurred by the defendant, and the value received by the plaintiff. *Walter*, 682 F. Supp. 2d at 1047; *Morris*, 128 Cal. App. 4th at 1322-23. As Ms. Bayol makes no such allegations, there is nothing to determine that the late fee is substantively unconscionable on the face of the Complaint, and all of the claims based on unconscionability should be dismissed. *Id.*

### 3. The Late Fees Are Not Prohibited By Law

Ms. Bayol further asserts that the late fees violate the CLRA because they are "prohibited by law." Complaint ¶ 43, Cal. Civ. Code § 1770(a)(14). This claim fares no better than the unconscionability claim because the late fees are not legally barred. As discussed above, the challenged provisions in the Agreement are not liquidated damages because they vary based on time, and, even if they were, they are permitted by statute because they represent a reasonable estimate of fair compensation for the loss sustained. *Walter*, 682 F. Supp. 2d at 1046; *Utility Consumers' Action Network, Inc.*, 135 Cal. App. 4th at 1029-38. Accordingly, the late fees are not liquidated damages subject to the strictures of section 1671. Complaint, ¶ 22. As a result, the Court should dismiss Ms. Bayol's claim for violation of section 1770(a)(14) of the CLRA.

### 4. Ms. Bayol Cannot Base a CLRA Claim on Zipcar's Conduct After She Entered into the Agreement

Additionally, claims under the CLRA must be premised on conduct at or before the time a transaction is consummated. *See Baba v. Hewlett-Packard Co.*, 2011 WL 317650, *2 (N.D. Cal., Jan. 28, 2011). The CLRA only addresses conduct "intended to result or which results in the sale of lease of goods or services." Cal. Civ. Code § 1770(a). Accordingly, "[a]llegations that focus on [defendant's] behavior after [plaintiff completed her transaction] are irrelevant to whether [the defendant]" violated the CLRA. *Baba*, 2011 WL 317650 at *2. Here, Ms. Bayol does not allege that she was induced into entering into the Agreement by any of Zipcar's conduct. Rather, Ms. Bayol claims that the fees Zipcar charged, which she admits were fully disclosed at the time she entered into the Agreement, somehow violated the CLRA. Complaint, ¶¶ 42-46. Consequently, Ms. Bayol's CLRA claim fails because she complains of Zipcar's post-transaction activities—

1 imposing the late fee—and because she does not allege that any of Zipcar's challenged actions
2 were "intended to result or which results in the sale of lease of goods or services." *Baba*, 2011
3 WL 317650 at *2; Cal. Civ. Code § 1770(a).

### 5. Ms. Bayol Does Not Allege that She Is a Consumer

Finally, the CLRA only applies to "consumers." Cal. Civ. Code § 1770(a). Under the CLRA, consumers are "individual[s] who seek[] or acquire[], by purchase or lease, any goods or services for personal, family, or household purposes." Cal. Civ. Code § 1671(d). Ms. Bayol does not claim that she used the Zipcar for "personal, family, or household purposes" when she allegedly incurred late fees. *See generally* Complaint. As a result, Ms. Bayol cannot state a claim under the CLRA. *Shin v. BMW of N. Am.*, 2009 WL 2163509 (C.D. Cal. July 16, 2009) (granting motion to dismiss a CLRA claim because "Plaintiffs have not alleged that they are consumers within the meaning of the statute.").

### C. Ms. Bayol Cannot State a Claim Under the UCL

Ms. Bayol asserts claims under the unlawful and fraudulent prongs of the UCL, the third and fourth claims for relief. Both fail.

### 1. The Late Fees Are Not Unlawful

Under the unlawful prong, the UCL essentially "borrows violations of other laws…and makes those unlawful practices actionable under the UCL." *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999). Ms. Bayol alleges that the late fees are unlawful under the UCL because they are unconscionable under Civil Code section 1670.5, not permitted under California Civil Code section 1671(d), and violate the CLRA. Complaint, ¶¶ 51-54. None of these theories passes muster.

First, Civil Code section 1670.5(a) provides that if "the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." As discussed above, the alleged late fees are not unconscionable. Therefore, any claim premised on unconscionability should be dismissed. *See*

*Morris*, 128 Cal. App. 4th at 1316-24 (affirming dismissal of a UCL claim premised on a violation of section 1670.5 where the trial court determined at the pleading stage that the contract at issue was not unconscionable). Second, as set forth above, the late fees are not barred by section 1671(d) because they vary based on the amount of time a member is late, and because they represent a reasonable estimate of fair compensation for the loss sustained. *Walter*, 682 F. Supp. 2d at 1046; *Utility Consumers' Action Network, Inc.*, 135 Cal. App. 4th at 1029-38. Third, for the reasons discussed above, Ms. Bayol has not stated a claim under the CLRA, and, therefore, she cannot premise a UCL claim on a breach of the CLRA. *Lazar*, 69 Cal. App. 4th at 1505-06. Consequently, Ms. Bayol may not proceed with a claim for unlawful conduct under the UCL as none of the alleged predicate statutory violations withstand scrutiny.

### 2. The Late Fees Are Not Unfair

"Under the UCL, '[a]n act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have reasonably avoided.'" *Berryman v. Merit Property Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1555 (2007) (quoting *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 839 (2006)). Additionally, courts generally do not determine whether a fee imposed by an otherwise valid contract is excessive unless there is a statutory or regulatory framework to aid in the determination. *Lazarreschi Investment Co. v. San Francisco Fed. Savings & Loan Assn.*, 22 Cal. App. 3d 303, 311 (1971) (concluding that "the control of charges, if it be desirable, is better accomplished by statute or by regulation authorized by statute than by *ad hoc* decisions of the courts" in affirming a judgment finding that a contractual prepayment fee was not excessive). Here, Ms. Bayol has not alleged any facts that would lead to the conclusion that she was substantially injured by the late fees, she has not alleged that there is no countervailing benefit—indeed there is: her fellow Zipcar members are less likely to be left without a vehicle— and she has not alleged that she could not have avoided the late fees—to the contrary, she is the only one that could have avoided the fees by returning her vehicle on time. Consequently, Ms. Bayol has not, and cannot state a claim under the unfairness prong of the UCL. *See Berryman*, 152 Cal. App. 4th at 1555; *see also Lazar*, 69 Cal. App. 4th at 15007-08 (affirming dismissal of

1  claims brought under the unfairness prong of the UCL where the plaintiff alleged that fees were
2  "unreasonable" and "too high.").

3  **V.  CONCLUSION**

4  For these reasons, Zipcar respectfully requests that the Court dismiss Ms. Bayol's
5  Complaint in its entirety with prejudice.

7  Dated: October 24, 2014        COOLEY LLP
                                   WILLIAM P. DONOVAN, JR. (155881)
                                   JOSEPH B. WOODRING (272940)
8                                  MATTHEW D. CAPLAN (260388)

10                                 */s/ William P. Donovan, Jr.*
                                           William P. Donovan, Jr. (155881)

12                                 Attorneys for Defendant ZIPCAR, INC.

13  111186563 v1