**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: scott@bursor.com
   ltfisher@bursor.com
   apersinger@bursor.com
   ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA BAYOL, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br> v.<br><br>ZIPCAR, INC.,<br><br>         Defendant. | Case No. 3:14-cv-02483 TEH<br><br>**PLAINTIFF'S OPPOSITION TO ZIPCAR, INC.'S MOTION TO DISMISS**<br><br>Date: January 26, 2015<br>Time: 10:00 a.m.<br>Courtroom 2, 17th Floor<br><br>Judge Thelton E, Henderson |

# TABLE OF CONTENTS

**PAGE(S)**

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS ....................................................................................2

III.    APPLICABLE PLEADING STANDARDS .........................................................3

        A.      Federal Rules Of Civil Procedure 12(b)(6) ..............................................3

IV.     ARGUMENT .........................................................................................................4

        A.      The Court Need Only Find That Plaintiff Has Alleged That Zipcar's
                Late Fees Violate § 1671 To Deny This Motion ........................................4

        B.      Plaintiff Adequately Alleges That Zipcar's Late Fees Are Liquidated
                Damages .....................................................................................................7

        C.      Zipcar Has Not Met Its Burden To Rebut The Civil Code § 1671
                Presumption Against Liquidated Damages ..............................................10

        D.      Plaintiff's California Consumer Protection Claims Survive Because
                They Are Predicated On Zipcar's § 1671 Violation.................................12

                1.      Plaintiff Sufficiently Pleads A CLRA Violation .........................12

                2.      Plaintiff Sufficiently Pleads A UCL Violation............................16

V.      CONCLUSION ...................................................................................................17

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*24 Hour Fitness, Inc. v. Superior Court*,
  66 Cal. App. 4th 1199 (1998) .................................................................... 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................... 4

*Bayol v. Zipcar, Inc.*,
  No. 14-cv-02483, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014) ............ 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 3

*Berkeley Unified Sch. Dist. of Alameda Cnty. v. James I Barnes Const. Co.*,
  112 F. Supp. 396 (N.D. Cal. 1953)...................................................... 2, 5, 6

*Berryman v. Merit Property Mgmt., Inc.*,
  152 Cal. App. 4th 1544 (2007)................................................................... 17

*Chodos v. West Publ'g Co.*,
  292 F.3d 992 (9th Cir. 2002) ....................................................................... 4

*Delorean v. First Horizon Home Loans*,
  2010 WL 4718713 (D. Or. Nov. 15, 2010) ............................................... 16

*Donald v. Golden 1 Credit Union*,
  839 F. Supp. 1394 (E.D. Cal. 1993) ............................................................ 4

*Garrett v. Coast & S. Fed. Sav. & Loan Ass'n.*,
  9 Cal. 3d 731 (1973)........................................................................... 4, 5, 9

*Gellis v. Verizon Commc'ns, Inc.*,
  No. C 07-03679 JSW, 2007 WL 7044762 (N.D. Cal. Nov. 5, 2007)...................................... 9, 12

*Hahn v. Massage Envy Franchising, LLC*,
  No. 12-cv-153 DMS (BGS), 2014 WL 5100220 (S.D. Cal. Sept. 25, 2014) .............. 8, 12, 13, 16

*Hitz v. First Interstate Bank*,
  38 Cal. App. 4th 274 (1995) ............................................................ 5, 9, 15

*In re Cellphone Termination Fee Cases*,
  193 Cal. App. 4th 298 (2011) ............................................................. passim

*In re DirecTV Early Cancellation Litig.*,
  738 F. Supp. 2d 1062 (C.D. Cal. 2010) ............................................. passim

*Lazar v. Hertz Corp.*,
  69 Cal. App. 4th 1494 (1999) ..................................................................... 17

*Morris v. Redwood Empire Bancorp.*,
  128 Cal. App. 4th 1305 (2005) ........................................................... 13, 14

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ........................................................................................... 3

*Pareto v. F.D.I.C.*,
   139 F.3d 696 (9th Cir. 1998) ........................................................................................... 2

*Ridgley v. Topa Thrift & Loan Ass'n*,
   17 Cal. 4th 970 (1998) .................................................................................................. 1, 9

*Ruwe v. Cellco Partnership*,
   613 F. Supp. 2d 1191 (N.D. Cal. Mar. 18, 2009) ................................................. passim

*Seraphin v. SBC Internet Servs., Inc.*,
   2010 WL 1326820 (D. Idaho Mar. 29, 2010) ....................................................... 6, 12, 17

*Shahar v. Hotwire, Inc.*,
   No. 12-cv-06027-JSW, 2013 WL 3877785 (N.D. Cal. July, 2013) ........................... 16

*Shroyer v. New Cingular Wireless Serv., Inc.*,
   622 F.3d 1035 (9th Cir. 2010) ................................................................................... 3, 14

*Ting v. AT&T*,
   319 F.3d 1126 (9th Cir. 2003) ......................................................................................... 13

*Ubaldi v. SLM Corp.*,
   852 F. Supp. 2d 1190 (N.D. Cal. 2012) .................................................................. 6, 8, 12

*Usher v. City of Los Angeles*,
   828 F.2d 556 (9th Cir. 1987) .................................................................................. 4, 10, 16

*Utility Consumers' Action Network, Inc. v. AT&T Broadband of S. Cal., Inc.*,
   135 Cal. App. 4th 1023 (2006) ......................................................................... 4, 5, 10, 11

*Walling v. Beverly Enters.*,
   476 F.2d 393 (9th Cir. 1973) ............................................................................................ 4

*Walter v. Hughes Commc'ns, Inc.*,
   682 F. Supp. 2d 1031 (N.D. Cal. 2010) ............................................................... passim

**STATUTES**

Bus. & Prof. Code § 17200 .................................................................................................. 12

California Civil Code § 1671 ....................................................................................... passim

California Civil Code § 1671(d) ........................................................................................... 14

California Civil Code § 1750 ................................................................................................ 12

California Civil Code § 1760 ................................................................................................ 16

**RULES**

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 3

1

## I.  INTRODUCTION

2          Zipcar, Inc.'s ("Zipcar's") motion to dismiss evidences a fundamental misunderstanding of

3   the requirements and purposes of California Civil Code Section 1671 ("Section 1671" or "§

4   1671").  Plaintiff Gabriela Bayol ("Plaintiff") brings this class action on behalf of California

5   consumers who signed up for Zipcar's car rental service and were subjected to and paid a late fee

6   ("Late Fee").  Section 1671, and the 140-plus years of common law on which it rests, aims to

7   protect consumers from being subjected to oppressive liquidated damages provisions.  *See Ridgley*

8   *v. Topa Thrift & Loan Ass'n*, 17 Cal. 4th 970, 978 (1998) (noting that § 1671 "continues to apply

9   [the] strict standard" as contained in the 1872 Civil Code).  When § 1671 was implemented, the

10  legislature mandated that the use of liquidated damages provisions must be subject to limitations to

11  protect consumers against the oppressive use of such provisions.  *In re DirecTV Early Cancellation*

12  *Litig*., 738 F. Supp. 2d 1062, 1087 (C.D. Cal. 2010).  While the California legislature recognized

13  that liquidated damages provisions may sometimes be beneficial, § 1671 was necessary to protect

14  consumers from abuse by parties with greater bargaining power.  *Id.*  Here, Zipcar argues that

15  Plaintiff's motion should be denied because "Zipcar is entitled to charge late fees."  Def's Br. at 3.

16  Like the California legislature, Plaintiff recognizes that Zipcar is indeed entitled to charge late fees,

17  but only if it can do so *in compliance with § 1671*.  Plaintiff's Complaint rests on the fact that

18  Zipcar has failed to do so.

19          Section 1671 requires that *before* Zipcar can charge a late fee, it must undertake a

20  "reasonable endeavor" to "determine what losses it would sustain" from late returns or to "estimate

21  fair average compensation for such losses."  *In re Cellphone Termination Fee Cases*, 193 Cal. App.

22  4th 298, 321 (2011).  Further, § 1671(d) states that Zipcar can only charge late fees if fixing its

23  actual losses is "impracticable or extremely difficult" at the time of contracting.  Plaintiff asserts

24  that Zipcar's Late Fees do not meet either requirement of § 1671 because it would not have been

25  impracticable or difficult for Zipcar to estimate losses from the late return of Zipcar's rental cars,

26  and Zipcar did not conduct a reasonable endeavor to estimate losses before setting the amount of

27  the Late Fees.  In fact, Zipcar's Late Fees "have no relationship whatsoever to any damages

28  incurred by Zipcar, if any, as a result of late returns."  Compl. ¶ 53.  Instead of setting the Late Fees

to compensate Zipcar for any losses, Zipcar imposes the Fees to garner extra revenue and profit. *Id*. ¶ 6.  This is precisely the type of oppressive conduct § 1671 forbids.

Under § 1671(d), a liquidated damages provision in a consumer contract like the one at issue is also presumed "void" and the proponent of the liquidated damages provision bears the burden of proof to demonstrate that the provision is valid.  Accordingly, while Plaintiff needs to plead that Zipcar has violated § 1671, Zipcar bears the ultimate burden to prove that it has in fact undertaken a "reasonable endeavor" and that its losses were "impracticable or extremely difficult" to calculate.  Because such a showing necessarily involves an evidentiary showing by Zipcar, courts have long held that motions to dismiss § 1671 claims "are not well taken."  *Berkeley Unified Sch. Dist. of Alameda Cnty. v. James I Barnes Const. Co.*, 112 F. Supp. 396, 400 (N.D. Cal. 1953); *see also In re DirecTV*, 738 F.Supp.2d 1062, 1090 (C.D. Cal. 2010) (denying motion to dismiss § 1671 claim).  In essence, Zipcar must disprove the factual allegations set forth in Plaintiff's Complaint.  But Zipcar cannot challenge Plaintiff's factual assertions on a motion to dismiss because they are presumed to be true at this stage.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  Accordingly, the Court should deny Zipcar's motion to dismiss.

## II.  STATEMENT OF FACTS

Zipcar operates a car rental service that "provides its customers with self-service vehicles." Compl. ¶ 19.  "To use Zipcar's car rental services, Zipcar requires that potential customers" first sign a Membership Agreement.  *Id* ¶ 20.  The Membership Agreement is "drafted entirely by Zipcar" and "is not subject to modification or negotiation and is presented to prospective members on a 'take it or leave it' basis."  *Id*.  "The Membership Agreement is a contract for the purchase of services primarily for personal, family or household use of Bayol and the members of the Class." *Id*. ¶ 37.

The Membership Agreement contains a Late Fee provision, although this provision is "hidden in separate documents that are difficult for subscribers to find, rather than being included in the main body of the Terms and Conditions."  *Id*. ¶ 52.  The Late Fee provision provides a simple formula for calculating Late Fees on late returns – customers are required to pay $50 "per late hour or any part thereof, up to a maximum of $150."  *Id*. ¶ 22.  The fact that customers are

required to pay a $50 Late Fee no matter if they return their rental one second after the reservation time or an hour after the reservation time demonstrates that Zipcar's Late Fees are unreasonable and are not related to any losses Zipcar may sustain.  Plaintiff alleges that she and the class were charged and paid a Late Fee pursuant to the Membership Agreement, and that Zipcar has collected significant revenues and profits from imposing the Late Fees.  *Id*. ¶¶ 6, 24.

Plaintiff alleges that

"[i]f and to the extent that Zipcar suffers, would suffer or has suffered any damage upon late payment, it is neither impracticable nor extremely difficult to fix the actual damage.  Further, if and to the extent that Zipcar suffers, would suffer, or has suffered any damage upon late payment, the Late Fees are not a reasonable measure or approximation of such damages and do not provide fair average compensation therefor.  Moreover, they are – and under the circumstances existing at the time the Membership Agreement was made, were – unreasonable."

*Id*. ¶ 25.  Plaintiff further alleges that "Zipcar did not conduct a reasonable endeavor to fix fair average compensation for losses, if any, that it incurs, would incur or has incurred by virtue of late payments."  *Id*.  In addition, Plaintiff alleges that:

[T]he utility of the Late Fees is significantly outweighed by the gravity of the harm that they impose on consumers.  The Late Fees have limited or no utility as compared with alternatives that would more fairly measure the harm (if any) incurred by Zipcar when a member makes a late return…
…
…Zipcar's enforcement of [the Late Fees] through the imposition and collection thereof cause substantial harm that is not outweighed by countervailing benefits to consumers or competition, and consumers could not reasonably have a avoided the harm.

*Id*. ¶¶ 62-63.  Thus, Plaintiff has sufficiently alleged that Zipcar's Late Fees violate Civil Code § 1671.

## III.  APPLICABLE PLEADING STANDARDS

### A.    Federal Rules Of Civil Procedure 12(b)(6)

A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is appropriate where the complaint "lacks a cognizable legal theory" or, alternatively, "presents a cognizable legal theory, yet fails to plead essential facts under that theory."  *Shroyer v. New Cingular Wireless Serv., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010).  The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters.*, 476 F.2d 393, 395-96 (9th Cir. 1973).

## IV.  ARGUMENT

### A.   The Court Need Only Find That Plaintiff Has Alleged That Zipcar's Late Fees Violate § 1671 To Deny This Motion

"Cal. Civ. Code § 1671 limits the ability of contracting parties to agree to liquidated damages clauses." *Donald v. Golden 1 Credit Union*, 839 F. Supp. 1394, 1401 (E.D. Cal. 1993). "California courts define liquidated damages as 'an amount of compensation to be paid in the event of a breach of contract, the sum of which is fixed and certain." *Ruwe v. Cellco Partnership*, 613 F. Supp. 2d 1191, 1196 (N.D. Cal. Mar. 18, 2009) (quoting *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1002 (9th Cir. 2002)).  "Thus, to constitute liquidated damages, the contractual provision must: (1) arise from a breach, and (2) provide a fixed and certain sum." *Id.*

Once a court is assured that the contractual provision constitutes liquidated damages, the provision is "presumed void, placing the burden on the proponent of the clause to rebut that presumption." *Utility Consumers' Action Network, Inc. v. AT&T Broadband of S. Cal., Inc.*, 135 Cal. App. 4th 1023, 1028-29 (2006) (citing *Garrett v. Coast & S. Fed. Sav. & Loan Ass'n.*, 9 Cal. 3d 731, 738 (1973)).  Courts interpreting § 1671 "have created a two-part test for determining whether a liquidated damages provision is valid: (1) fixing the amount of actual damages must be impracticable or extremely difficult, and (2) the amount selected must represent a reasonable endeavor to estimate fair compensation for the loss sustained." *In re Cellphone Termination Fee Cases*, 193 Cal. App. 4th at 322.  If the proponent of the clause fails to establish "*either* of these elements, [the] liquidated damages provision is void." *Id.* (emphasis in original).

1    However, courts should not rule on the *validity* of a liquidated damages clause on a motion

2    to dismiss because the § 1671 test requires a stringent evidentiary showing by the proponent of the

3    liquidated damages clause.  *See Hitz v. First Interstate Bank*, 38 Cal. App. 4th 274, 291 (1995)

4    (requiring an evidentiary showing); *Berkeley Unified Sch. Dist.*, 112 F. Supp. at 401 ("The question

5    of whether a provision for liquidated damages is valid is essentially a question of fact to be pleaded

6    and proved.").  For example, "[i]mpracticability may be established by showing 'that the measure

7    of actual damages would be a comparatively small amount and that it would be economically

8    impracticable in each instance of default to require a [seller] to prove to the satisfaction of the

9    [consumer] the actual damages by accounting procedures.'"  *In re Cellphone Termination Fee*

10   *Cases*, 193 Cal. App. 4th at 322 (quoting *Garrett*, 9 Cal. 3d at 742) (alterations in original).

11   Further, the determination of "whether a reasonable endeavor was made depends upon both (1) the

12   motivation and purpose in imposing the charges, and (2) their effect."  *Utility Consumers*, 135 Cal.

13   App. 4th at 1029.  California courts require that proponents of liquidated damages clauses must

14   present evidence that they "actually engaged in some form of analysis to determine what losses

15   [they] would sustain from [a] breach, and that [they] made a genuine and non-pretextual effort to

16   estimate a fair average compensation for the losses to be sustained."  *Hitz*, 38 Cal. App. 4th at 291.

17   Without such evidentiary showings, § 1671 dictates that a liquidated damages clause is presumed

18   void.  *Utility Consumers*, 135 Cal. App. 4th at 1028.  For this reason, the validity of a liquidated

19   damages clause "cannot be decided properly on a motion to dismiss" and motions to dismiss

20   challenges to liquidated damages provisions are "not well taken."  *Berkeley Unified Sch. Dist.*, 112

21   F. Supp. at 401.

22       Accordingly, the Court need only find that Plaintiff has alleged that Zipcar's Late Fees

23   clause is a liquidated damages provision to deny Zipcar's motion to dismiss – it need not (and

24   cannot) decide the separate factual questions concerning Zipcar's reasonable endeavor or

25   impracticability.[1]  *See Ruwe*, 613 F. Supp. 2d at 1196-99 (examining only whether the challenged

26   _____

27   [1] Tellingly, Zipcar cites only one case granting a motion to dismiss a § 1671 claim – as opposed to cases addressing such claims on summary judgment.  Def's Br. at 8 (citing *Walter v. Hughes*

28   *Commc'ns, Inc.*, 682 F. Supp. 2d 1031 (N.D. Cal. 2010).  However, in *Walter* the court dismissed the § 1671 claim only because it determined that the plaintiff had not alleged that the fee in

1   fee is "triggered by breach" and "fixed and certain," or, in other words, whether the fee is

2   "liquidated damages," before denying defendant's motion to dismiss a § 1671 claim); *Ubaldi v.*

3   *SLM Corp.*, 852 F. Supp. 2d 1190, 1203 (N.D. Cal. 2012) (denying a motion to dismiss a UCL

4   claim predicated on a § 1671 violation after finding that plaintiff had sufficiently alleged that late

5   fees are liquidated damages and that the validity of such fees is governed by § 1671); *Berkeley*

6   *Unified Sch. Dist.*, 112 F. Supp. at 400-01 (holding that, "except on admitted facts," the validity of

7   liquidated damages provisions "is generally a question to be resolved by the trier of fact" and that

8   "[t]his is an issue to be pleaded by way of answer or defense under the provisions of Rule 8 of the

9   Federal Rules of Civil Procedure."); *Seraphin v. SBC Internet Servs., Inc.*, 2010 WL 1326820, at

10   *6 (D. Idaho Mar. 29, 2010) (holding that where a plaintiff "presented a plausible claim that the

11   ETF, if it amounts to a liquidated damages clause, was unreasonable," dismissal of his claim at the

12   pleading stage of the litigation before the factual record had been fully developed "would be

13   premature because [plaintiff] has presented a plausible claim for relief.").

14         To be clear, the Court must still find that Plaintiff has actually *pled* a § 1671 violation, but it

15   is inappropriate to decide the factual issues concerning Zipcar's evidentiary burden.  Here, Plaintiff

16   has pled that (1) she was charged and paid a Late Fee; (2) that "it is neither impracticable nor

17   extremely difficult to fix [Zipcar's] actual damage"; (3) that the "Late Fees are not a reasonable

18   measure or approximation of [Zipcar's] damages and do not provide fair average compensation

19   therefor"; (4) that "Zipcar did not conduct a reasonable endeavor to fix fair average compensation

20   for losses, if any, that it incurs, would incur or has incurred by virtue of late payments"; (5) that the

21   Late Fees are "impermissible contractual penalties" that violate § 1671(d); and (6) that Zipcar

22   "generated substantial revenues and profits" through charging the Late Fees.  Compl. ¶¶ 6, 25, 38.

23   Nothing more is required.  For example, in *In re DirecTV*, 738 F. Supp. 2d at 1090, the court

24   denied a motion to dismiss a § 1671 claim because plaintiffs alleged that:

25

---

26   question was for liquidated damages because the plaintiff's allegations were contradictory and
    incongruous.  *Id.*  Accordingly, *Walter* does not undermine case law stating that plaintiffs need

27   only establish that a fee provision is liquidated damages that violates § 1671 to survive motions to
    dismiss.  Judge Conti's determination in *Walter* that a provision be a "fixed sum" is, however,

28   inconsistent with numerous other cases that have addressed the issue as discussed in depth below.

---

A Cancellation Fee was charged to Plaintiffs when they, and other consumers like them, cancelled their service; (2) it is "neither impractical nor extremely difficult for DirecTV to determine the actual amount of damages occasioned by" the cancellation; (3) the Cancellation Fee "bear[s] no reasonable relationship to the actual costs incurred by DirecTV when customers cancel their service"; and (4) "the Cancellation Fee is intended as a penalty to dissuade Class members from cancelling DirecTV's services."

(quoting the plaintiffs' pleadings) (alteration in original).  *See also Ruwe*, 613 F. Supp. 2d at 1192-93 (quoting the plaintiffs' pleadings concerning how $15 late fees violate § 1671); *In re Cellphone Termination Fee Cases*, 193 Cal. App. 4th at 304 (affirming judgment in favor for plaintiffs where plaintiffs' complaint alleged that "Sprint's ETF's violated section 1671, subdivision (d) because they were "penalties," which generated "substantial revenues and profits" and were intended "to prevent consumers from readily changing wireless telephone carriers").  Because Plaintiff has sufficiently alleged that the Late Fees here are liquidated damages, and Plaintiff has sufficiently pled her claims, the Court should deny Zipcar's motion.

### B.    Plaintiff Adequately Alleges That Zipcar's Late Fees Are Liquidated Damages

Zipcar argues that Plaintiff's § 1671 claim fails because the Late Fees are not liquidated damages, relying entirely on one outlier case, *Walter*, to support its erroneous contention.  Plaintiff has sufficiently alleged that the Late Fees are liquidated damages because the Late Fees both (1) "arise from a breach" and (2) "provide a fixed and certain sum."  *Ruwe*, 613 F. Supp. 2d at 1196.

As to the first element, Zipcar does not dispute that the Late Fees "arise from a breach."  In fact, Zipcar chastises Plaintiff for having breached the Membership Agreement by returning her rental car late - it is this breach that resulted in the Late Fee.  Def's Br. at 3 ("Ms. Bayol also further admits through her silence that she actually returned her Zipcar late in violation of the Agreement – breaking her promise to Zipcar and fellow Zipcar members that she would.").[2] Section 1671 was designed specifically to protect customers like Plaintiff who were subjected to and paid penalty fees imposed by a party with superior bargaining power.  *See In re DirecTV*, 738 F. Supp. 2d at 1087 ("California Civil Code § 1671(d), which also underlies Plaintiffs' UCL and

---

[2] Zipcar also asserts that Plaintiff's late return "victimize[s] conscientious Zipcar members who play by the rules and Zipcar itself."  Def's Br. at 3.  Zipcar's factual contention is entirely outside of the pleadings and is inappropriate here.  Again, Plaintiff does not dispute that she breached the Membership Agreement.  Plaintiff's claims rest on the fact that Zipcar charged her Late Fees in violation of California law.

1   CLRA claims, reflects California's fundamental policy to protect consumers against the oppressive

2   use of liquidated damages clauses by parties with superior bargaining power.").  Plaintiff's breach

3   of the Membership Agreement is an element of her § 1671 claim, and not, as Zipcar would have

4   this Court believe, a reason to grant the motion to dismiss.

5          Zipcar's sole argument is that the Late Fees are not "fixed and certain," relying on its

6   interpretation of *Walter*, 682 F. Supp. 2d at 1046, as holding that "fees that vary based on timing –

7   *i.e.* fees that could increase or decrease over time – are not liquidated damages under section

8   1671."  Def's Br. at 8.  However, *Walter*'s holding is not nearly as broad as Zipcar states – Judge

9   Conti decided the case based on the incongruent pleadings before him.  Nowhere in *Walter* does

10  Judge Conti state that penalty provisions are not liquidated damages if the fees "vary based on

11  timing" or "could increase or decrease over time."  *Id.*  In *Walter*, the plaintiff alleged that the

12  "fixed" fee was for $400, even though the plaintiff was actually subjected to and paid a $300 fee.

13  *Walter*, 682 F. Supp. 2d at 1046.  In large part due to this discrepancy, the court held that the fee

14  could not be "fixed" because the plaintiff paid a different amount than the "fixed" fee.  *Id.*  Here,

15  Plaintiff alleges that she paid Late Fees pursuant to the Membership Agreement, not some dollar

16  amount that did not accord with the Agreement.

17         Whatever *Walter* may ultimately stand for, the clear weight of authority stands in stark

18  contrast to Zipcar's position.  Courts consistently hold that so long as a penalty clause provides a

19  specific formula or method of calculating the penalty at the time of *contracting*, and such formula

20  or method can be used to arrive at a concrete "sum" at the time of *breach*, then the penalty fee is

21  fixed and certain.  *See Hahn v. Massage Envy Franchising, LLC*, No. 12-cv-153 DMS (BGS), 2014

22  WL 5100220, at *12 (S.D. Cal. Sept. 25, 2014) ("When a contract provides a formula to calculate

23  liquidated damages based on profits, and damages can be calculated after breach when the profits

24  had been earned, the provision is for liquidated damages, even if the actual amount cannot be

25  calculated at the time of contract formation.  Here, the value of the massage services is apparent

26  from the membership agreement's monthly dues, and the number of forfeited massages is

27  ascertainable upon breach, *i.e.*, when the agreement is in arrears."); *Ubaldi*, 852 F. Supp. 2d at

28  1192 (denying a motion to dismiss a UCL claim predicated on § 1671 where the penalty provision

provided for "a late charge of the greater of $5.00 or 5% of the payment amount not received");

*Gellis v. Verizon Commc'ns, Inc.*, No. C 07-03679 JSW, 2007 WL 7044762, at *1 (N.D. Cal. Nov.

5, 2007) (denying a motion to dismiss a § 1671 claim where the penalty provision allowed

defendant to "charge a late fee of up to 1.5 percent a month (18% annually), or a flat $5 a month,

whichever is greater, on unpaid balances" (capitalization omitted)); *Ridgley*, 17 Cal. 4th at 978

(holding that a penalty provision providing for a "prepayment charge of six (6) months' interest at

the rate in effect at the time of prepayment on the amount prepaid" constituted liquidated damages

in violation of § 1671); *Garrett*, 9 Cal. 3d at 740 (holding that a "a charge for the late payment of a

loan installment which is measured against the unpaid balance of the loan must be deemed to be

punitive in character" and violates § 1671); *Hitz*, 38 Cal. App. 4th at 279 (affirming a violation of §

1671 where the "late fee was set at 5 percent of the amount past due, with a minimum charge of $3

and a maximum charge of $5").[3]

Here, the Membership Agreement provides a very simple "formula" at the time of

contracting to determine Late Fees, and this "formula" is then used at the time of breach to

calculate the "fixed and certain sum" customers have to pay.  The Membership Agreement

provides that customers are to pay "$50 ($35 CAD) per late hour or any part thereof, up to a

maximum of $150 ($105 CAD) per late return."  Compl. ¶ 22.  This provision is extremely clear.

Customers are to pay $50 Late Fees for returns made an hour or less after the scheduled time.

Customers are to pay $100 Late Fees for returns made between an hour and two hours after the

scheduled time.  Customers are to pay $150 Late Fees for returns made more than two hours after

the scheduled time.  This "formula" or method of calculating the liquidated damages sum is clear at

the time of contracting, and the corresponding "sum" is equally clear at the time of breach.  As

such, the Late Fees "arise from a breach" and "provide a fixed and certain sum," and are

considered liquidated damages subject § 1671.  *See Ruwe*, 613 F. Supp. at 1198 (holding that

where "a customer entering into an agreement with [defendant] is certain as to his liability in the

_____

[3] In *Ruwe*, a case cited by Zipcar for the proposition that a liquidated damages provision must
"provide a fixed and certain sum," the Court denied a motion to dismiss a § 1671 claim even
though the customer agreement in that case did "not specify the specific amount" due at the time of
*contracting*, but, in fact, customers were all charged a $15 fee at the time of *breach*.  *Ruwe*, 613 F.
Supp. 2d at 1198.

event of breach," the penalty provision is liquidated damages).  Once the Court finds that Plaintiff has alleged that the Late Fees constitute liquidated damages under § 1671(d), it should deny Zipcar's motion outright without delving into the factual questions concerning reasonableness and impracticability.  *See* Section IV(A), *supra*.

### C.     Zipcar Has Not Met Its Burden To Rebut The Civil Code § 1671 Presumption Against Liquidated Damages

As set out in detail above, if a fee provision is for liquidated damages, then the fee provision is "presumed void," placing the burden on the proponent of the clause to rebut the presumption by putting forth facts showing that (1) fixing the amount of actual damages was "impracticable" or "extremely difficult" *and* (2) that the amount selected represents a "reasonable endeavor to estimate fair compensation for the loss sustained."  *Utility Consumers*, 135 Cal. App. 4th at 1028-29 (2006); *In re Cellphone Termination Fee Cases*, 193 Cal. App. 4th at 322.  The § 1671(d) "policy of shifting the burden of proof to the proponent of the liquidated damages clause[] is fundamental California policy."  *In re DirecTV*, 738 F. Supp. 2d at 1087-88.  In fact, this fundamental California policy was part of the reason this Court denied Zipcar's motion to transfer the case to Massachusetts.  *See Bayol v. Zipcar, Inc.*, No. 14-cv-02483, 2014 WL 4793935, at *4 (N.D. Cal. Sept. 25, 2014) (denying transfer in part because Plaintiff would "likely be giving up the liquidated damages provision that forms the basis of [her] claim; this is not an insignificant procedural provision, but a substantive consumer protection in California law.").

Zipcar's motion to dismiss is little more than an attempt to meet its burden by improperly disputing Plaintiff's factual contentions, even though Zipcar points to no evidence in the record, nor can it.  *See Usher*, 828 F.2d at 561 (holding that courts "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party.").  For example, without citing anything in the Complaint or any evidence submitted in this case, Zipcar asserts that "[t]he fee at issue represents the cost of the use of the vehicle beyond the agreed upon time, and the costs incurred by Zipcar associated with having to provide for other Zipcar members who were planning on using late returned car."  Def's Br. at 8.  Zipcar further asserts that it "needs to charge late fees to cover the additional costs associated with late returns, and for the extra,

1    unplanned use of the vehicle by the member."  *Id*. at 3.  These evidentiary contentions are

2    inappropriate on a motion to dismiss.  The only case Zipcar cites for its proposition that the Court

3    must "consider the result of a breach and the reasonableness of the sums agreed to be paid" is a

4    case decided on summary judgment.  *Id*. (citing *Utility Consumers*, 135 Cal. App. 4th at 1034,

5    1038.).  Further, Zipcar's implied assertion that it is Plaintiff's burden to "allege[]…facts which

6    undermine these conclusions" is a blatant misstatement of the law, as California law could not be

7    clearer that Zipcar bears the burden to rebut the presumption that the Late Fees are void.  *In re*

8    *DirecTV*, 738 F. Supp. 2d at 1087-88; Def's Br. at 8.

9         In any case, Zipcar has not brought to the Court's attention any facts, in the complaint or

10   otherwise, that it actually conducted any reasonable endeavor to evaluate reasonableness of the

11   Late Fees *prior to* inserting them into the Membership Agreement.  Without presenting evidence of

12   having conducted a reasonable endeavor, Zipcar cannot meet its burden.  The court in *In re*

13   *Cellphone Termination Fee Cases* similarly discredited a defendant's post-hoc rationalizations for

14   a liquidated damages provision:

15        We believe that Plaintiffs are correct that the reasonable endeavor test, to have any
          meaning, must necessarily focus on those circumstances actually considered in evaluating a
16        liquidated damage provision, not post hoc rationalization.

17        ….
          [F]ocusing solely on hindsight justification would render the reasonable endeavor
18        requirement meaningless if no effort at foresight were required, and arbitrarily selected
          charges could be routinely imposed in consumer contracts, subject only to the ability of a
19        company to muster a credible defense if challenged in litigation

20   *In re Cellphone Termination Fee Cases*, 193 Cal. App. 4th at 326-27.[4]  Zipcar has also failed to say

21   anything about the "impracticability" or "difficulty" of calculating its damages at the time of

22   contract.  Regardless, the Court may not address these issues at the motion to dismiss stage, and,

23   accordingly, Zipcar's motion should be denied.

24

25   _____

26   [4] Zipcar's request that the Court consider the contents of its website is both improper and irrelevant
     for the issues to be decided here.  Def's Br. at 5.  Zipcar's post-hoc justifications of its Late Fees
27   say absolutely nothing about its pre-contractual investigation or the impracticability of calculating
     damages.  Further, Plaintiff would need to take discovery concerning when and how such
28   statements appeared on Zipcar's website before being able to adequately address whether these
     statements were in fact incorporated into Plaintiff's Membership Agreement.

1

**D.      Plaintiff's California Consumer Protection Claims Survive
Because They Are Predicated On Zipcar's § 1671 Violation**

2          Zipcar puts forward a number of misguided arguments that fail to appreciate that Plaintiff's

3   claims under the Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq.*, and

4   California Legal Remedies Act ("CLRA"), Civil Code §§ 1750 *et seq.*, rise and fall with her § 1671

5   claim.  Courts routinely find violations of the CLRA and UCL on the basis of § 1671 violations.

6   *See In re DirecTV*, 738 F. Supp. 2d at 1087, 1093 (noting that Civil Code § 1671 "underlies

7   Plaintiffs' UCL and CLRA claims" and refusing to dismiss those claims – counts four and five –

8   based on the conclusion that the plaintiffs had stated a claim for unlawful liquidated damages); *In*

9   *re Cellphone Termination Fee Cases*, 193 Cal. App. 4th at 308 (affirming the trial court's judgment

10  below where "[a]s a consequence of its determination that the ETF's were unlawful under section

11  1671, subdivision (d), the court found that Plaintiffs had prevailed on their claims for violations of

12  the CLRA [and] UCL"); *Ruwe*, 613 F. Supp. 2d at 1193, 1196-99 (denying motion to dismiss claim

13  for violation of the CLRA because plaintiffs sufficiently alleged a § 1671 claim); *Hahn*, 2014 WL

14  5100220, at *19 (granting summary judgment in favor of plaintiffs concerning their UCL claim

15  after finding a § 1671 violation); *Ubaldi*, 852 F. Supp. 2d at 1190 (finding that plaintiffs "stated

16  claims for unlawful and unfair business practices under the UCL" where liquidated damages

17  violated § 1671); *Gellis*, 2007 WL 7044762, at *1, *4 (denying motion to dismiss § 1671, CLRA,

18  and UCL claims based on Verizon Wireless' late fees); *Seraphin*, 2010 WL 1326820, at *6

19  ("[Plaintiff's] claim that Defendants violated the UCL by imposing an unlawful ETF survives the

20  motion to dismiss because it is predicated on [plaintiff's] claim that the ETF is an unlawful

21  liquidated damages clause under Section 1671, which the Court has already found sufficiently

22  states a claim for relief.").  Here, the Court should deny Zipcar's motion with regards to Plaintiff's

23  CLRA and UCL claims because she has sufficiently pled a § 1671 violation.

24          **1.      Plaintiff Sufficiently Pleads A CLRA Violation**

25          Zipcar argues that Plaintiff's CLRA claim fails in part because the Late Fees are not

26  unconscionable.  Yet, Zipcar is unable to cite a single case where a court found a § 1671 violation

27  but nevertheless held that the plaintiffs failed to prove unconscionability under the CLRA.  Zipcar

28  cites only two cases in support of its argument that the Late Fees are not unconscionable: *Morris v.*

*Redwood Empire Bancorp*. 128 Cal. App. 4th 1305 (2005) and *Walter*, 682 F. Supp. 2d 1031.

Each of these cases is easily distinguishable on the simple fact that the courts in each case found

that the plaintiffs had not alleged that the challenged fee provisions were for liquidated damages.

*Morris*, 128 Cal. App. 4th at 1313-16; *Walter*, 682 F. Supp. at 1046-47.  For example, in *Morris*,

the court dismissed a § 1671 claim because it was clear on the face of the provision at issue that the

fee did not follow a breach of contract.  Because the agreement was not for any fixed period of

time, payment of the fee was inevitable and was not triggered by breach.  *Morris*, 128 Cal. App. 4th

at 1315.  Accordingly, the court held that the plaintiff had not alleged that fee was for liquidated

damages.  *Id. See also Hahn*, 2014 WL 5100220, at *10 (finding a liquidated damages provision

as both procedurally and substantively unconscionable and distinguishing *Morris* on the basis that

it "did not involve a consumer contract, but a merchant contract, a fact that the *Morris* court found

persuasive").  The *Walter* decision is strikingly similar, in that the court considered whether the fee

provision was unconscionable only after concluding that, as a result of the plaintiff's contradictory

allegations, the plaintiff had not alleged that the fee constituted liquidated damages.  *Walter*, at

1046-47.[5]  Plaintiff is not aware of a single case to ever hold that a fee provision can violate § 1671

but nevertheless fail under the CLRA.  In any case, the Late Fees are unconscionable under

California and Ninth Circuit law.

   "A contract is procedurally unconscionable if it is a contract of adhesion, *i.e.*, a

standardized contract, drafted by the party of superior bargaining strength, that relegates to the

subscribing party only the opportunity to adhere to the contract or reject it."  *Ting v. AT&T*, 319

F.3d 1126, 1148 (9th Cir. 2003).  Here, Plaintiff has alleged that the Late Fees were enforced

pursuant to a "contract of adhesion" that "is not subject to modification or negotiation and

presented to prospective members on a 'take it or leave it' basis."  Compl. ¶ 20.  Plaintiff further

alleges that "Prospective members have no meaningful choice with respect to the inclusion of the

Late Fees in membership Agreement nor in the amount of the Late Fees."  *Id.* ¶ 52.  Zipcar is also

the "party of superior bargaining strength."  *Ting*, 319 F.3d at 1148.  Zipcar asserts that the Late

---

[5] The Court in *Walter* fittingly dismissed plaintiffs' CLRA and UCL claims "only with respect to Plaintiffs' allegations regarding the termination fees."  *Walter*, at 1047.

1    Fees are not procedurally unconscionable in part because there is no element of "surprise."  Def's

2    Br. at 10.  However, Plaintiff specifically alleges that "the amounts of the Late Fees are hidden in

3    separate documents that are difficult for subscribers to find, rather than being included in the main

4    body of the Terms and Conditions."  Compl. ¶ 52.  While Zipcar cites *Morris*, 128 Cal. App. 4th at

5    1319-22, for the proposition that the Late Fees could not be procedurally unconscionable because

6    Plaintiff had "reasonable market alternatives," the Ninth Circuit has directly rejected this approach.

7    *Shroyer v. New Cingular Wireless Servs., Inc.*, 489 F.3d 976, 985 (9th Cir. 2007) (citing the *Morris*

8    decision as one that has been rejected by the Ninth Circuit and noting that the Ninth Circuit has

9    "consistently followed the courts that reject the notion that the existence of 'marketplace

10   alternatives' bars a finding of procedural unconscionability").

11          Contractual terms are substantively unconscionable if they are "so one-sided as to 'shock

12   the conscience,' or … 'impose harsh or *oppressive* terms.'"  *24 Hour Fitness, Inc. v. Superior*

13   *Court*, 66 Cal. App. 4th 1199, 1213 (1998) (emphasis added).  The California legislature enacted §

14   1671 because it was concerned that "a liquidated damages provision will be used *oppressively* by a

15   party able to dictate the terms of the agreement."  *In re DirecTV*, 738 F. Supp. 2d at 1087

16   (emphasis added).  In other words, finding that a fee provision violates § 1671 necessarily means

17   the fee provision is an "oppressive term."  Thus, courts that find § 1671 violations generally fail to

18   address issues of substantive unconscionability because it is a non issue – a fee that violates § 1671

19   is substantively unconscionable.  *See, e.g., Ruwe*, 613 F. Supp. at 1196-99 (addressing only § 1671

20   before summarily denying a motion to dismiss CLRA claims).[6]

21          Zipcar also argues that Plaintiff may not maintain a CLRA claim because the Late Fees

22   were "disclosed" to Plaintiff at the time of contracting and, therefore, Zipcar's Late Fees are not

23   "deceptive" or "unfair."  Def's Br. at 9.  Relatedly, Zipcar argues that Plaintiff's CLRA claim

24

25   [6] Zipcar also asserts that Plaintiff needs to have asserted that the Late Fees are "grossly out of line
     with…the costs incurred by the defendant, and the value received by plaintiff."  However, such
26   allegations riddle the entirety of Plaintiff's Complaint, and forms the substance of her § 1671
     claim.  *See* Compl. ¶¶ 38, 53 ("the Late Fees have no relationship whatsoever to any damages
27   incurred by Zipcar, if any, as a result of late returns by members"), 62-63.  Moreover, they are
     unnecessary as Zipcar bears the burden of demonstrating the validity of its Late Fees.  *See* Civil
28   Code § 1671(d)

---

PLAINTIFF'S OPPOSITION TO ZIPCAR, INC.'S MOTION TO DISMISS                                    14
CASE NO. 3:14-CV-02483 TEH

"must be premised on conduct at or before the time a transaction is consummated." *Id*. at 11. According to Zipcar, because Zipcar's "imposi[tion] [of] the late fee" constitutes "post-transaction activities," her CLRA claim fails. *Id*. at 11-12.  First, Plaintiff agrees with Zipcar that her CLRA claim must be based on conduct at the time of or prior to her signing up for the Membership Agreement – and it is.  However, Zipcar's contention that Plaintiff's CLRA claim fails because the imposition of late fees constitutes "post-transaction activities" is absurd, and would do away with the entire purpose of § 1671 and CLRA claims predicated on § 1671.  That cannot be.

Plaintiff's CLRA claim is wholly premised on Zipcar's conduct at the time of or prior to contracting with customers.  Claims based on § 1671 focus on whether the proponent of a liquidated damages clause conducted a reasonable endeavor prior to including the fee in a contract with consumers and whether, at the time of contracting, the proponent's costs were impracticable to fix.  *See In re Cellphone Termination Fee Cases*, 122 Cal. App. 4th at 326-27 (holding that post-contractual cost studies and justifications are "irrelevant to the reasonable endeavor issue" because "the required reasonable endeavor logically must have preceded the setting of those amounts") (quoting *Hitz*, 38 Cal. App. 4th at 291-92).  The California legislature determined that liquidated damages that violate § 1671 are inherently deceptive and that consumers may be deceived or taken advantage of even if they are aware of the liquidated damages terms in question.  *See In re DirecTV*, 738 F. Supp. 2d at 1087 (stating that § 1671 "is based on the December 1973 recommendation by the California Law Revision Commission" which warned that "there is a risk that…a [liquidated damages] provision may be used unfairly against a party who does not fully appreciate the effect of the provision").  Here, Plaintiff bases her claims on the fact that "Zipcar did not conduct a reasonable endeavor to fix fair average compensation for losses" and because the "Late Fees are not a reasonable measure or approximation of [Zipcar's] damages."  Compl. ¶ 25. Plaintiff signed up for Zipcar's services without knowledge that the liquidated damages provision was illegal, and without any knowledge as to its reasonableness or Zipcar's true costs.  Further, "the Late Fees are hidden in separate documents that are difficult for subscribers to find, rather than being included in the main body of the Terms and Conditions."  Compl. ¶ 11.  Defendants in other cases have phrased Zipcar's argument as one of causation and consent.  For example, in

*Hahn*, defendants argued that a § 1671 violation cannot be the "cause" of a plaintiff's injuries because the plaintiff "consented" to the liquidated damages provision. *Hahn*, 2014 WL 5100220, at *14. The court rejected defendant's argument and granted summary judgment in favor of plaintiffs. *Id*. Defendant does not cite a single case where a court dismissed unlawful liquidated damages claims on the basis that they were "disclosed" to consumers. Such a decision would eviscerate the purpose of § 1671 to protect consumers against oppressive liquidated damages provisions.

In a last ditch effort to challenge Plaintiff's CLRA claim, Zipcar argues that Plaintiff has not alleged that she is a consumer based on the hyper-technical argument that Plaintiff has not used the magic words "personal, family, or household purposes." Def's Br. at 12. First, the CLRA is to be "liberally construed" and the Court must draw "all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987); Cal. Civ. Code § 1760. Further, Plaintiff's complaint "need not contain citation to case law" but rather "need only contain a short and concise statement of the facts giving rise to plaintiff's claims." *Delorean v. First Horizon Home Loans*, 2010 WL 4718713, at *1 (D. Or. Nov. 15, 2010). Here, Plaintiff's complaint *does* use these magic words – Plaintiff asserts that she signed up for the Membership Agreement and that the "Membership Agreement is a contract for the purchase of services primarily for *personal, family or household use of Bayol and the members of the Class*." Compl. ¶ 37 (emphasis added). In essence, Plaintiff's Complaint includes the precise allegations Zipcar claims are necessary to find that she is a consumer under the CLRA. *See Shahar v. Hotwire, Inc*., No. 12-cv-06027-JSW, 2013 WL 3877785, at *1, *5 (N.D. Cal. July 25, 2013)(denying motion to dismiss CLRA claim brought on behalf of car-rental customers who paid undisclosed fees).

### 2.   Plaintiff Sufficiently Pleads A UCL Violation

Zipcar argues that Plaintiff cannot state a claim under the UCL because the Late Fees here are not "unlawful" and are not "unfair." Def's Br. at 12-13. Zipcar readily admits that so long as Plaintiff can state a § 1671 or CLRA violation, then she has stated a claim under the UCL's unlawful prong, as "the UCL essentially 'borrows violations of other laws…and makes those

1     unlawful practices actionable under the UCL.'" *Id.* at 12 (quoting *Lazar v. Hertz Corp.*, 69 Cal.

2     App. 4th 1494, 1505 (1999)).  As discussed in detail above, Plaintiff has stated valid claims under

3     § 1671 and the CLRA, and, accordingly, her UCL "unlawful" claim survives.

4          Zipcar asserts that Plaintiff's UCL claim fails under the "unfair" prong because she has "not

5     alleged any facts that would lead to the conclusion that she was substantially injured by the late

6     fees, she has not alleged that there is no countervailing benefit….and she has not alleged that she

7     could not have avoided the late fees."  Def's Br. at 13.  Not surprisingly, none of the cases Zipcar

8     cites in support of its position involve § 1671 or liquidated damages claims.  *See id.* (citing

9     *Berryman v. Merit Property Mgmt., Inc.*, 152 Cal. App. 4th 1544 (2007) and *Lazar*, 69 Cal. App.

10     4th at 1507-08).  In any case, Plaintiff does allege all of these facts.  *See gen.* Compl. ¶¶ 61-65

11     (listing all of the reasons why the Late Fees violate the "unfair" prong of the UCL, including that

12     "Zipcar's enforcement of them through the imposition and collection thereof cause substantial

13     harm that is not outweighed by countervailing benefits to consumers or competition, and

14     consumers could not reasonably have avoided the harm"); *see also id.* ¶ 53 ("the Late Fees have no

15     relationship whatsoever to any damages incurred by Zipcar, if any, as a result of late returns by

16     members").  Zipcar's dispute of these facts on a motion to dismiss is improper, as the Court is to

17     take Plaintiff's allegations as true.  Further, it is inappropriate to rule on the unfairness prong in an

18     action predicated on a § 1671 violation because it requires a weighing of the evidence.  *Seraphin*,

19     2010 WL 1326820, at *7 ("Although the Court recognizes that it may dismiss a UCL unfairness

20     claim at an early stage if 'the facts as pled would not state a claim even if they were true,' that is

21     not the case here.  The Court must weigh the ETF's utility against the burden imposed and the

22     facts, as pled here, may state a claim for unfair practices.") (quoting *Berryman*, 152 Cal. App. 4th

23     at 1554).

## V.  CONCLUSION

24

25          For the foregoing reasons, the Court should deny Zipcar's motion in its entirety.  If,

26     however, the Court dismisses any part of Plaintiff's Complaint, Plaintff requests leave to amend.

27

28

1    Dated:  November 24, 2014       Respectfully Submitted,

2                                 **BURSOR & FISHER, P.A.**

3

4                                 By:___*/s/ L. Timothy Fisher*___
                                       L. Timothy Fisher

5                                 Scott A. Bursor (State Bar No. 276006)
                                 L. Timothy Fisher (State Bar No. 191626)

6                                 Annick M. Persinger (State Bar No. 272996)
                                 Yeremey Krivoshey (State Bar No. 295032)

7                                 1990 North California Boulevard, Suite 940
                                 Walnut Creek, CA  94596

8                                 Telephone: (925) 300-4455
                                 Facsimile:  (925) 407-2700

9                                 E-Mail: scott@bursor.com

10                                 ltfisher@bursor.com
                                 apersinger@bursor.com

11                                 ykrivoshey@bursor.com

12                                 *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28